**Robbins Geller Rudman & Dowd LLP**

| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
|---|---|---|---|---|
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

David A. Rosenfeld
drosenfeld@rgrdlaw.com

October 31, 2018

<u>VIA ECF</u>

The Honorable Joan M. Azrack
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:     *In re Graña y Montero S.A.A. Securities Litigation*
        Case No. 2:17-cv-1105 (JMA) (ARL)

Dear Judge Azrack:

We represent Lead Plaintiff Treasure Finance Holding Corp. ("Treasure Finance") and Plaintiff Marcia Goldberg ("Plaintiffs") in the above-referenced action. We write to bring to the Court's attention a recent factual development that bears on defendant Graña y Montero S.A.A.'s ("Graña") pending motion to dismiss Plaintiffs' claims that are asserted under the Securities Exchange Act of 1934 (the "Exchange Act").

By way of background, this is a securities class action arising out of Graña's alleged participation in a scheme to pay millions of dollars in bribes to public officials in Peru in exchange for public infrastructure projects, including the IIRSA South highway system and the construction of the Lima Metro. Plaintiffs' Amended Complaint ("¶__," ECF No. 22) alleges that the bribes were paid directly by Graña's business partner, the Brazilian construction giant Odebrecht. ¶¶137, 145. Graña then knowingly reimbursed Odebrecht for its proportional share of the bribes out of the proceeds of the projects through the transfer of differential dividends – in other words, increased dividends paid to Odebrecht relative to its equity interest in the projects, and reduced dividends paid to Graña relative to its equity interest. ¶138. These differential dividend payments were documented in shareholder meeting minutes and profit distribution agreements over the lives of the projects, by reference to purported "additional risks" that Odebrecht incurred on behalf of the consortia. ¶139. Plaintiffs allege that "additional risks" was an illegitimate accounting concept, and was used to justify the assignment of an otherwise unlawful bribery payment. ¶¶139-163.

On July 30, 2018, Graña moved to dismiss the Amended Complaint for failure to plead scienter, arguing, *inter alia*, that Plaintiffs had failed to plead facts showing the illegitimacy of the "additional risks" accounting concept. (ECF No. 51 at 6). In its supporting memorandum, Graña argued that the Amended Complaint should be dismissed with prejudice. (ECF No. 51 at 25). On September 26, 2018, Plaintiffs opposed Graña's motion, explaining in detail the illegitimate nature of the "additional risks" concept. (ECF No. 53 at 19-20). Plaintiffs also requested, in the event the Court grants any portion of Graña's motion, that the Court should grant Plaintiffs leave to amend.

# Robbins Geller
## Rudman & Dowd LLP

The Honorable Joan M. Azrack
October 31, 2018
Page 2

*Id.* at 25.  On October 26, 2018, Graña filed a reply brief in further support of its motion to dismiss. (ECF No. 55).

On October 5, 2018, after Plaintiffs filed their brief in opposition to Graña's motion, Peruvian news outlet *La República* posted an article entitled "Nostre Confirmed Participation of Consortia in Payment of Bribes" (in Spanish, *Nostre Confirmo Participacion Consorciadas Pagos Sobornos*), which further supports Plaintiffs' allegations.  According to the *La República* article, the former Odebrecht project director for the Lima Metro, Carlos Nostre Junior ("Nostre"), confirmed to Peruvian prosecutors that Graña yielded part of its profits in the Lima Metro project to pay bribes to Peruvian public officials.  Nostre further stated that the transfer of profits was made pursuant to the fictitious accounting concept of "additional risks," and that Juan Manuel Lambarri Hierro ("Hierro"), the former CEO of Graña's construction subsidiary GyM S.A., knew of Graña's obligation to contribute to the bribery.  Hierro also understood that the "additional risks" concept was the mechanism by which Graña would reimburse Odebrecht for its share of the bribe.

These new facts provide additional support for Graña's scienter.  As the Amended Complaint alleges, Hierro signed two key agreements containing the "additional risks" language – the February 29, 2012 Lima Metro Profit Distribution Agreement and the Lima Metro Liquidation Agreement – on behalf of Graña y Montero.  (¶¶158, 162).  It bears noting that Graña is a holding company that conducts business exclusively through its subsidiaries, including its oldest and most profitable subsidiary, GyM S.A. (¶¶2, 29), in which Graña held a 98.23% interest.  Together, the fact that the former CEO of GyM S.A. was aware of the bribes for the Lima Metro, understood the mechanism by which Graña contributed its proportional share (*i.e.*, "additional risks"), and executed those agreements on behalf of Graña, all further contribute to a strong inference of defendants' scienter.

Accordingly, while Plaintiffs maintain that the Amended Complaint sufficiently states claims for violations of the Exchange Act, should the Court grant Graña's motion to dismiss the Amended Complaint, Plaintiffs respectfully submit that further amendment would not be futile based on the additional facts now disclosed in the *La República* article.

Respectfully submitted,

*/s/ David A. Rosenfeld*

DAVID A. ROSENFELD

cc: All Counsel (via ECF)