# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954

TELEPHONE: +1-212-455-2000
FACSIMILE: +1-212-455-2502

Direct Dial Number
+1-212-455-2228

E-mail Address
gwang@stblaw.com

VIA ECF

November 5, 2018

Re:   *In re Graña y Montero S.A.A. Securities Litigation*, 17-CV-1105 (JMA) (ARL)

The Honorable Joan M. Azrack
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

Dear Judge Azrack:

I am counsel to Defendant Graña y Montero S.A.A. ("Graña") and write in response to Plaintiffs' October 31, 2018 letter (Dkt. No. 57). In their letter, Plaintiffs seek to characterize an October 5, 2018 article published by Peruvian newspaper *La República* as a "recent factual development" that "bears" on the pending Motion to Dismiss. For the reasons set forth below, the newspaper article cited in Plaintiffs' Letter fails to provide any meaningful support for Plaintiffs' allegations.

As an initial matter, Plaintiffs again do not cite actual transcripts (or firsthand accounts) of testimony. Instead, they cite news articles, whose reliability is questionable at best as discussed further in Graña's Motion to Dismiss (Dkt. No. 51, at 212–23) and Reply (Dkt. No. 55, at 3, 11–12).

Plaintiffs misstate what is said in the *La República* article. Plaintiffs claim that the news article says that Odebrecht's Carlos Nostre Junior ("Nostre") said that "Juan Manuel Lambarri Hierro, the former CEO of Graña's construction subsidiary GyM S.A., knew of Graña's obligation to contribute to the bribery." But the news article does not say that. And, notably, Plaintiffs elected <u>not</u> to attach a copy of the article as an exhibit to their letter or even provide a hyperlink to the article, thus preventing the Court from verifying the accurateness of what Plaintiffs say the news article said that Mr. Nostre said to Peruvian prosecutors. The article itself is available at https://larepublica.pe/politica/1331714-nostre-confirmo-participacion-consorciadas-pago-sobornos, and the Google translation is available at https://translate.google.com/translate?sl=auto&tl=en&js=y&prev=_t&hl=en&ie=UTF-

Simpson Thacher & Bartlett LLP

November 5, 2018     The Honorable Joan M. Azrack

8&u=https%3A%2F%2Flarepublica.pe%2Fpolitica%2F1331714-nostre-confirmo-participacion-consorciadas-pago-sobornos&edit-text=&act=url.

      The article says that Mr. Nostre said to Peruvian prosecutors that Mr. Lambarri told Mr. Nostre he was already aware of the reasons that Odebrecht was receiving a disproportionate dividend payment. The article does *not* report, as Plaintiffs suggest, that Mr. Nostre *ever* told Mr. Lambarri or anyone else at Graña that bribes had been paid or that the "additional risks" referenced in connection with disproportionate dividend payments related in any way to bribery. Mr. Nostre also never said that Mr. Lambarri said he understood such reasons related in any way to bribery. To the extent that *La República* articles are reliable, *La República* reported that Mr. Nostre's supervisor, Jorgé Barata, told the Brazilian Attorney General on December 15, 2016 that Graña "did not know about this topic" of bribes with respect to the Lima Metro project. *See* https://larepublica.pe/politica/1110761-jorge-barata-y-el-video-de-las-confesiones-sobre-coimas-pagadas-por-odebrecht-en-el-metro-de-lima (translation available at https://translate.google.com/translate?sl=auto&tl=en&js=y&prev=_t&hl=en&ie=UTF-8&u=https%3A%2F%2Flarepublica.pe%2Fpolitica%2F1110761-jorge-barata-y-el-video-de-las-confesiones-sobre-coimas-pagadas-por-odebrecht-en-el-metro-de-lima&edit-text=&act=url).

      For the reasons detailed in Graña's Motion to Dismiss papers filed on October 26, 2018, Plaintiffs' Complaint should be dismissed in its entirety.

Very truly yours,

*George S. Wang* /KPW

George S. Wang

cc:    All Counsel of Record (*via* ECF)