FILED
CLERK
3/5/2019 3:01 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────────────X

IN RE GRAÑA Y MONTERO S.A.A.
SECURITIES LITIGATION

For Online Publication Only

**ORDER**
17-CV-1105 (JMA) (ARL)

──────────────────────────────────────X

**AZRACK, United States District Judge:**

This action was commenced on behalf of all purchasers of Graña y Montero S.A.A. American Depository Shares from July 24, 2013 through February 24, 2017 against defendants Graña y Montero S.A.A. ("Graña" or "Company"), Monica Miloslavich Hart, Jose Graña Miro Quesada, Mario Alvarado Pflucker, and Hernando Graña Acuna (collectively, "Individual Defendants"). Plaintiffs allege that Graña violated federal securities laws by making misleading public statements as to how the Company obtained lucrative public works projects.

On July 12, 2018, plaintiffs moved for an order pursuant to Federal Rule of Civil Procedure 4(f)(3) directing service of process by alternate means on the Individual Defendants, who are Peruvian citizens. (ECF No. 34.) Specifically, plaintiffs ask the Court for an order permitting service on defendant Hart either through Simpson Thacher & Bartlett LLP or the Company's registered agent for service of process, and on the remaining Individual Defendants by (1) registered and/or overnight mail to their last known addresses, or (2) to the extent applicable, service on the attorneys representing them in related criminal matters in Peru. On August 20, 2018, I referred the fully briefed motion to Magistrate Judge Arlene R. Lindsay for a Report & Recommendation ("R&R").

On December 4, 2018, Judge Lindsay issued an R&R recommending that plaintiffs' motion for alternate service be granted in part and denied in part. Judge Lindsay recommended granting the motion with respect to defendant Hart because: (1) there is no indication that plaintiffs

have been able to ascertain the home address of Hart; and (2) alternate service comports with constitutional requirements of due process and is not prohibited by the Inter-American Convention. Judge Lindsay recommended denying the motion with respect to the other Individual Defendants because Plaintiffs failed to make any effort on their own to effectuate service. On January 23, 2019, Defendants filed a partial objection to Judge Lindsay's R&R. (ECF No. 63.)

Having reviewed the full record and applicable law, I adopt Judge Lindsay's R&R in its entirety as the opinion of the Court. In reviewing a magistrate judge's R&R, the Court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s][are] made." 28 U.S.C. § 636(b)(1)(C); see Brown v. Ebert, No. 05–CV–5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of an R&R to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

I have undertaken a de novo review of the record, the R&R, and the instant objections, and I agree with Judge Lindsay's R&R and adopt it as the opinion of this Court. Accordingly, the Court grants plaintiffs' motion for alternate service in part with respect to defendant Hart and denies it in part with respect to the other Individual Defendants.

**SO ORDERED.**

Dated: March 5, 2019
Central Islip, New York

                                                  /s/ (JMA)
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE