UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| ──────────────────── x | | |
| In re GRAÑA Y MONTERO S.A.A.<br>SECURITIES LITIGATION | : | Civil Action No. 2:17-cv-01105-LDH-ST |
| ──────────────────── | : | |
| | : | CLASS ACTION |
| | : | |
| This Document Relates To: | : | STIPULATION AND AGREEMENT OF |
| | : | SETTLEMENT |
| ALL ACTIONS. | : | |
| | : | |
| ──────────────────── x | | |

4840-0881-6311.v4

This Stipulation and Agreement of Settlement, dated July 2, 2020 (the "Stipulation"), is made and entered into by and among: (i) Lead Plaintiff Treasure Finance Holding Corp. and plaintiff Marcia Goldberg ("Plaintiffs") (on behalf of themselves and each Settlement Class Member), by and through their counsel of record in the Litigation; and (ii) Defendants Graña y Montero S.A.A. ("Graña y Montero") and Monica Miloslavich Hart ("Defendants"), by and through their counsel of record in the Litigation.[1]   The Stipulation is intended to fully, finally, and forever compromise, release, resolve, discharge, settle and dismiss with prejudice the Litigation and the Released Claims, subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

## I.    THE LITIGATION

The Litigation is currently pending before the Honorable LaShann DeArcy Hall in the United States District Court for the Eastern District of New York (the "Court").  The initial complaint in this action was filed on February 27, 2017.  On March 5, 2018, the Court appointed Lead Plaintiff and Lead Counsel.

Plaintiffs' Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"), filed on May 29, 2018, alleges that Defendants violated §§10(b) and 20(a) of the Securities Exchange Act of 1934.  Defendants deny each and all of Plaintiffs' allegations.  Defendants contend that they did not make any false or misleading statements and that they disclosed all information required to be disclosed by the federal securities laws.

On July 12, 2018, Plaintiffs moved to serve the Individual Defendants through alternative means.  On July 30, 2018, Graña y Montero moved to dismiss the Complaint.  Plaintiffs filed their opposition to the motion to dismiss and moved to strike certain of Graña y Montero's exhibits on

---

[1]    All capitalized terms not otherwise defined shall have the meanings ascribed to them in §IV.1 herein.

September 26, 2018, and Graña y Montero filed its reply brief on October 26, 2018.  On January 9, 2019, Magistrate Judge Lindsay issued a Report and Recommendation Granting in Part and Denying in Part Plaintiffs' Motion for Alternative Service on the Individual Defendants.  On May 10, 2019, Plaintiffs filed their second amended complaint.  On June 7, 2019, Graña y Montero and Hart filed motions to dismiss.  On July 22, 2019, Plaintiffs served their oppositions to the motions to dismiss. On August 12, 2019, Graña y Montero and Hart filed replies in further support of their motions. Those motions remain pending.

On November 19, 2019, counsel for Graña y Montero, Hart and Plaintiffs participated in an in-person mediation session with Gregory Lindstrom, Esq. of Phillips ADR Enterprises, an experienced mediator.  The mediation was preceded by submission of mediation statements by the mediating parties.  At the in-person mediation session, the Settling Parties engaged in vigorous settlement negotiations with the assistance of Mr. Lindstrom, but were not able to reach an agreement.  With the assistance of Mr. Lindstrom, the Settling Parties continued to engage in arm's-length negotiations following the in-person mediation session, and reached an agreement-in-principle to resolve the Litigation, subject to insurer approval.  The agreement-in-principle was memorialized in a term sheet (the "Term Sheet") executed on February 10, 2020.  The agreement included, among other things, the Settling Parties' agreement to settle the Litigation in return for a cash payment of $20,000,000 for the benefit of the Settlement Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court.  Since February 10, 2020, the parties engaged in further negotiations about payment terms and related matters, the agreed-to terms of which are reflected herein.  This Stipulation (together with the Exhibits hereto) reflects the final and binding agreement between the Settling Parties.

## II.     DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Throughout this Litigation, Defendants have denied, and continue to deny, any and all of the claims alleged in the Litigation, including any allegations of fault, liability, wrongdoing, or damages whatsoever.  Defendants expressly have denied, and continue to deny, that they have committed any act or made any materially misleading statement giving rise to any liability under §§10(b) and 20(a) of the Securities Exchange Act of 1934.  Specifically, Defendants expressly have denied, and continue to deny, that they have committed or intended to commit any wrongdoing or violations of law as alleged in any complaint in the Litigation, and maintain that their conduct was at all times proper and in compliance with applicable provisions of law.  Defendants also have denied, and continue to deny, that they made any material misstatement or omission, that the price of Graña y Montero American Depository Shares ("ADS") were artificially inflated as a result, that they acted with the requisite state of mind, that any plaintiff, including Plaintiffs, has suffered any damages, or that any plaintiff, including Plaintiffs, was harmed by any conduct alleged in the Litigation or that could have been alleged therein.  Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation.

As set forth below, neither the Settlement nor any of the terms of this Stipulation shall be construed or deemed to be evidence of or constitute an admission, concession, or finding of any fault, liability, wrongdoing, or damage whatsoever or any infirmity in the defenses that Defendants have, or could have, asserted.  Defendants are entering into this Stipulation solely to eliminate the burden, expense, and uncertainty of further litigation.  Defendants have determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

4840-0881-6311.v4

## III. PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT

Plaintiffs and Lead Counsel believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims asserted therein. However, Plaintiffs and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation through trial and through appeals. Plaintiffs and Lead Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation. Plaintiffs and Lead Counsel also are mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation. Plaintiffs and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Settlement Class. Based on their own investigation and evaluation, Plaintiffs and Lead Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Plaintiffs and the Settlement Class.

## IV. TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs (on behalf of themselves and the Settlement Class Members) and Defendants, by and through their counsel that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties from the Settlement, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice upon and subject to the terms and conditions of this Stipulation, as follows:

4840-0881-6311.v4

1.      **Definitions**

As used in this Stipulation the following terms, when capitalized, have the meanings specified below:

1.1      "Authorized Claimant" means any Settlement Class Member who submits a valid Claim to the Claims Administrator that is accepted for payment.

1.2      "Claim(s)" means a paper claim submitted on a Proof of Claim and Release form or an electronic claim that is submitted to the Claims Administrator.

1.3      "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.4      "Class Period" means the period, stipulated for settlement purposes only, from July 24, 2013 through February 24, 2017, inclusive.

1.5      "Defendants" means, collectively, Graña y Montero and Monica Miloslavich Hart.

1.6      "Defendants' Counsel" means the law firms of Simpson Thacher & Bartlett LLP and Goodwin Procter LLP.

1.7      "Defendants' Insurer" means Pacífico Seguros.

1.8      "Effective Date," or the date upon which this Settlement becomes "Effective," means with respect to (a) Defendants' Insurer and the Released Party Defendants other than Graña y Montero, the first date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred or have been waived, and (b) Defendant Graña y Montero, the first date by which all of the events and conditions specified in ¶7.2 of the Stipulation have been met and have occurred or have been waived.

1.9      "Escrow Account" means an account maintained by the Escrow Agent wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

- 5 -

1.10    "Escrow Agent" means the law firms of Robbins Geller Rudman & Dowd LLP and Holzer & Holzer, LLC or their respective successor(s).

1.11    "Final" means, with respect to any order or Judgment of the Court, that such order or Judgment represents a final and binding determination of all issues within its scope and has not been reversed, vacated, or modified in any way and is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of passage, without action, of time for seeking appellate review.  Without limitation, an order or Judgment becomes final when: (a) either no appeal therefrom has been filed and the time has passed for any notice of appeal to be timely filed therefrom; or (b) an appeal has been filed and either (i) the court of appeals has either affirmed the order or Judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed; or (ii) a higher court has granted further appellate review and that court has either affirmed the underlying order or judgment or affirmed the court of appeals' decision affirming the Judgment or dismissing the appeal.  For purposes of this paragraph, an "appeal" shall include any motion for reconsideration or petition for a writ of *certiorari* or other writ that may be filed in connection with approval or disapproval of this Settlement.  Any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to: (i) attorneys' fees, costs, or expenses, (ii) the Plan of Allocation (as submitted or subsequently modified), or (iii) the procedures for determining Authorized Claimants' recognized Claims, shall not in any way delay, affect, or preclude the time set forth above for the Judgment to become Final, or otherwise preclude the Judgment from becoming Final.

1.12    "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court, substantially in the form as attached hereto as Exhibit B, including, with no material changes, directly or indirectly, to paragraphs 7-9 therein, as well as any form of final

4840-0881-6311.v4

judgment that may be entered by the Court that differs in any material respects from Exhibit B if, and only if, none of the Settling Parties elects to terminate this Settlement by reason of such variance, consistent with the terms of this Stipulation.  Plaintiffs and the Defendants agree to jointly request that the Judgment not be entered until the entirety of the Settlement Amount is deposited in the Escrow Account.

1.13    "Lead Counsel" means the law firms of Robbins Geller Rudman & Dowd LLP and Holzer & Holzer, LLC.

1.14    "Litigation" means the action captioned *In re Graña y Montero S.A.A. Securities Litigation*, No. 2:17-cv-01105-LDH-ST, pending in the United States District Court for the Eastern District of New York.

1.15    "Net Settlement Fund" means the Settlement Fund less: (i) any Court-awarded attorneys' fees, expenses, and interest thereon; (ii) Notice and Administration Expenses; (iii) Taxes and Tax Expenses; and (iv) other Court-approved deductions.

1.16    "Notice and Administration Expenses" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including, but not limited to, the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

1.17    "Person(s)" means an individual, corporation (including all divisions and subsidiaries), limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, limited liability company, joint venture, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and all of their respective spouses,

- 7 -

heirs, beneficiaries, executors, administrators, predecessors, successors, representatives, or assignees.

1.18    "Plaintiffs" means Lead Plaintiff Treasure Finance Holding Corp. and plaintiff Marcia Goldberg.

1.19    "Plaintiffs' Counsel" means Lead Counsel and any other attorney or firm who has appeared in the Litigation on behalf of Plaintiffs or the Settlement Class.

1.20    "Plan of Allocation" means a proposed plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants. Any Plan of Allocation is not part of this Stipulation and neither Defendants nor their Related Parties shall have any responsibility or liability with respect thereto.

1.21    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

1.22    "Proof of Claim and Release" means the Proof of Claim and Release form for submitting a Claim, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-2, that a Settlement Class Member must complete and submit should that Settlement Class Member seek to share in a distribution of the Net Settlement Fund.

1.23    "Related Parties" means each Defendant, regardless of whether they have been served, and their current and former parent, entities, business units, business divisions, affiliates or subsidiaries and each and all of their current and former officers, directors, attorneys, employees, agents, trustees, parents, affiliates, subsidiaries, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, insurers, reinsurers, engineers, advisors, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates,

- 8 -

4840-0881-6311.v4

administrators, and each of their successors, predecessors, assigns, and assignees, and any of the Individual Defendants' immediate family members.

1.24   "Released Claims" means any and all claims, demands, losses, rights, and causes of action of any nature whatsoever that Plaintiffs or any other Member of the Settlement Class (i) asserted in the Litigation or could have been asserted or could in the future be asserted in any forum, whether known or unknown, whether foreign or domestic, whether arising under federal, state, common, or foreign law, whether based on statements or omissions made directly to individual persons or broadly to the market, to Plaintiffs, any Member of the Settlement Class, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, whether individual, class, direct, derivative, representative, on behalf of others, legal, equitable, regulatory, governmental, or of any other type or in any other capacity, whether brought directly or indirectly against any of the Defendants, that arise out of or are based upon or related in any way in part or in whole to any of the allegations, acts, facts, transactions, statements, events, matters, occurrences, representations or omissions involved, set forth or referred to in any complaint filed in the Litigation or in any other action that has been or may be filed by a Member of the Settlement Class arising from related facts, events, occurrences or transactions, and (ii) that relate in any way directly or indirectly in whole or in part to the purchase or acquisition of Graña y Montero ADS during the Class Period.  "Released Claims" includes "Unknown Claims" as defined in ¶1.36.

1.25   "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, against Plaintiffs, Plaintiffs' Counsel or any Settlement Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the

Litigation, except for claims relating to (i) the enforcement of the Settlement; or (ii) any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

1.26    "Released Defendant Party" or "Released Defendant Parties" or "Released Persons" mean Defendants, Defendants' Counsel and their Related Parties.

1.27    "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" mean each and every plaintiff, Settlement Class Member, Lead Plaintiff, Lead Counsel, Plaintiffs' Counsel, and each of their respective past or present trustees, officers, directors, partners, members, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, representatives, affiliates, joint venturers, shareholders, underwriters, insurers, personal or legal representatives, estates, financial advisors or consultants, banks or investment bankers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Releasing Plaintiff Party who is an individual, as well as any trust of which any Releasing Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members.  Releasing Plaintiff Parties do not include any Person who would otherwise be a Member of the Settlement Class but who validly and timely requests exclusion from the Settlement Class.

1.28    "Settlement" means the settlement between Plaintiffs and Defendants on the terms and conditions set forth in this Stipulation.

1.29    "Settlement Amount" means Twenty Million U.S. Dollars (U.S. $20,000,000.00) plus all interest which accrues on any unpaid amount pursuant to ¶2.2 to be paid by wire transfer to the Escrow Agent pursuant to ¶2.2 of this Stipulation.

- 10 -

1.30   "Settlement Class" means all Persons who purchased or otherwise acquired Graña y Montero ADS during the Class Period.  Excluded from the Settlement Class are:  Defendants, members of their immediate families, the officers and directors and affiliates of Graña y Montero during the Class Period, and the legal representatives, heirs, successors or assigns of any of the foregoing, as well as any entity in which any Defendant or group of Defendants have or had during the Class Period a controlling interest.  Also excluded from the Settlement Class is any Person who would otherwise be a Member of the Settlement Class but who validly and timely requests exclusion in accordance with the requirements set by the Court.

1.31   "Settlement Class Member" or "Member of the Settlement Class" mean a Person who falls within the definition of the Settlement Class as set forth in ¶1.30 above.

1.32   "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto.

1.33   "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

1.34   "Settling Parties" means, collectively, Defendants and Plaintiffs, on behalf of themselves and the Settlement Class.

1.35   "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority, including, but not limited to, any local, state, and federal taxes.

1.36   "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected

- 11 -

his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Settlement Class; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Plaintiffs, the Settlement Class and Plaintiffs' Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Plaintiffs, the Settlement Class and Plaintiffs' Counsel.  With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Plaintiffs, the Settlement Class and Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542.  The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories or authorities in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect

- 12 -

to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against the Plaintiffs, the Settlement Class and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Settling Parties acknowledge, and the Releasing Plaintiff

- 13 -

Parties (including, without limitation, each Member of the Settlement Class) and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

2.      **The Settlement**

2.1      The obligations incurred pursuant to the Stipulation are: (a) subject to approval by the Court and the Judgment, reflecting such approval, becoming Final; and (b) in full and final disposition of the Litigation and any and all Released Claims and Released Defendants' Claims upon and subject to the terms and conditions set forth herein.

a.      **The Settlement Amount**

2.2      In full and final settlement of the claims asserted in the Litigation and in consideration of the releases specified in ¶¶4.1-4.4 herein, Defendants' Insurer, on behalf of Defendant Monica Miloslavich Hart, shall pay its portion of the Settlement Amount (five million U.S. dollars ($5,000,000)) by wire transfer into the Escrow Account within thirty (30) calendar days after entry of an order preliminarily approving the Settlement.  Defendant Graña y Montero shall pay or cause to be paid by wire transfer three hundred and fifty thousand U.S. dollars ($350,000) (which will be non-refundable in the event the Settlement is not approved, or is terminated, cancelled or the Effective Date fails to occur for any reason) within thirty (30) calendar days after entry of an order preliminarily approving the Settlement.  The remaining $14,650,000 of the Settlement Amount will be deposited by Graña y Montero into the Escrow Account by wire transfer by (a) thirty (30) calendar days after entry of an order preliminarily approving the Settlement, or by (b) June 30, 2021, and in this latter case, plus interest paid by Graña y Montero of five percent (5%) per annum on the balance not paid with interest running from thirty (30) calendar days after entry of the Preliminary

- 14 -

Approval Order through whatever date payment is made. Lead Counsel shall provide Defendants' Counsel within three (3) business days of the date of entry by the Court of an order preliminarily approving this Settlement with the information necessary to effectuate a transfer of funds to the Escrow Account, including wiring instructions that include the bank name and ABA routing number, account name and number, and a signed W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited. The Escrow Agent shall deposit the Settlement Amount plus any accrued interest in a segregated escrow account (the "Escrow Account") maintained by the Escrow Agent.

2.3     If the entire Settlement Amount is not timely paid to the Escrow Agent, per the terms of ¶2.2, Lead Counsel may terminate the Settlement as to Defendant Graña y Montero but only if: (i) Lead Counsel has notified Defendants' Counsel in writing of Lead Counsel's intention to terminate the Settlement, and (ii) the entire Settlement Amount is not transferred to the Escrow Account within five (5) business days after Lead Counsel has provided such written notice. If the payment by Defendants' Insurer is not timely paid to the Escrow Agent per the terms of ¶2.2, Lead Counsel may terminate the Settlement as to Defendant Monica Miloslavich Hart but only if: (i) Lead Counsel has notified Defendants' Counsel in writing of Lead Counsel's intention to terminate the Settlement, and (ii) the entire Settlement Amount is not transferred to the Escrow Account within five (5) business days after Lead Counsel has provided such written notice.

2.4     Other than the obligation to pay or cause to be paid the Settlement Amount into the Settlement Fund as set forth in ¶2.2 herein, the Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (ii) the management, investment,

- 15 -

or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

2.5    The Settlement Amount is an all-in settlement number, meaning that it includes all attorneys' fees to Plaintiffs' Counsel, administrative costs, expenses, Settlement Class Member benefits, Class Representative awards, and other costs associated with the Settlement. Notwithstanding the foregoing, it shall be Defendants' responsibility to provide and pay for the costs of notice to the appropriate federal and state officials pursuant to the Class Action Fairness Act, 28 U.S.C. §1715 *et seq.* ("CAFA").

2.6    Other than the obligation to cause the payment of the Settlement Amount in accordance with the terms of ¶2.2, Defendants' Insurers and the Released Defendant Parties shall have no obligation to make any other payments pursuant to the Stipulation.

### b.    The Escrow Agent

2.7    Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.2 hereof in United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All risks related to the investment of the Settlement Fund in accordance with the

4840-0881-6311.v4

investment guidelines set forth in this paragraph shall be borne by the Settlement Fund, and the Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for the actions of the Escrow Agent.

2.8     The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, or by an order of the Court.

2.9     Subject to further order(s) and/or directions as may be made by the Court, or as provided in this Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Stipulation.  The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for any transaction executed by the Escrow Agent.

2.10     All funds held by the Escrow Agent shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to this Stipulation and/or further order(s) of the Court.

2.11     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants and/or order of the Court, reasonable costs and expenses (paid from and not to exceed the $350,000 paid by Graña y Montero pursuant to ¶2.2 hereof) actually incurred in connection with providing notice of the Settlement by mail, publication, and other means, locating potential Settlement Class Members, assisting with the submission of Claims, processing Proof of Claim and

- 17 -

Release forms, administering the Settlement, and paying escrow taxes, fees and costs, if any ("Notice and Administration Expenses").  After the Effective Date, Notice and Administration Expenses may be paid as incurred, without approval of Defendants or further order of the Court.

2.12     It shall be Lead Counsel's responsibility to disseminate the Notice, Proof of Claim and Release, and Summary Notice to potential Settlement Class Members in accordance with this Stipulation and as ordered by the Court.  The Released Defendant Parties shall have no responsibility for or liability whatsoever with respect to the Notice and Administration Expenses, nor shall they have any responsibility or liability whatsoever for any claims with respect thereto.  The Escrow Agent through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for any Notice and Administration Expenses.

　　　　c.     **Taxes**

2.13     The Settling Parties agree as follows:

(a)     The Settling Parties and the Escrow Agent agree that the Settlement Fund "is intended to be a Qualified Settlement Fund" within the meaning of Treasury Regulation §1.468B-1, and the regulations promulgated thereunder.  The Settling Parties and the Escrow Agent further agree that the Settlement Fund shall be established pursuant to the Court's subject matter jurisdiction within the meaning of Treas. Reg. §1.468B-1(c)(1).  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.13, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1(j)) to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary

documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" (as defined in Treas. Reg. §1.468B-2(k)(3)) shall be the Escrow Agent.  The Escrow Agent shall be solely responsible for filing or causing to be filed all informational and other federal, state, or local tax returns necessary or advisable with respect to the Settlement Fund or the earnings thereon (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the elections described in ¶2.13(a) hereof) shall be consistent with this ¶2.13 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.13(c) hereof.

(c)     All (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Defendant Parties or their counsel with respect to any income earned by the Settlement Fund for any period, after the deposit of the Settlement Amount, during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) expenses and costs incurred in connection with the operation and implementation of this ¶2.13 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.13) ("Tax Expenses"), shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by Lead Counsel and without further order of the Court; in all events, the Released Defendant Parties and their counsel shall have no liability or responsibility whatsoever for the Taxes or the Tax Expenses.  The Escrow Agent, through the Settlement Fund,

- 19 -

shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither the Released Defendant Parties nor their counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses, nor shall Released Defendant Parties nor their counsel have any responsibility or liability for the acts or omissions of Lead Counsel or their agents with respect to the payment of Taxes.  Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation §1.468B-3(e).

2.14    This is not a claims-made settlement.  As of the Effective Date, the Released Defendant Parties, and/or any other Person funding the Settlement on their behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason, and shall not have liability should Claims made exceed the amount available in the Settlement Fund for payment of such Claims.  The Released Defendant Parties shall not be liable for the loss of any portion of the Settlement Fund, nor have any liability, obligation, or responsibility for the payment of Claims, Taxes, legal fees, or any other expenses payable from the Settlement Fund.

- 20 -

### d. Termination of Settlement

2.15    In the event that this Stipulation is not approved or the Settlement is not approved, or is terminated, canceled, or the Effective Date otherwise fails to occur for any reason, including, without limitation, in the event the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked, the Settlement Fund less Notice and Administration Expenses or Taxes or Tax Expenses paid, incurred, or due and owing pursuant to ¶2.11 and ¶2.13 hereof in connection with the Settlement provided for herein, shall be refunded pursuant to written instructions from Defendants' Counsel in accordance with ¶7.5 herein.

### 3.    Preliminary Approval Order and Settlement Hearing

3.1    Immediately following execution of this Stipulation, Lead Counsel shall submit this Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, certification of the Settlement Class for settlement purposes, the preliminary approval of the Settlement set forth in this Stipulation, and approval for the mailing of a settlement notice (the "Notice") and publication of a summary notice ("Summary Notice"), substantially in the forms of Exhibits A-1 and A-3 attached hereto.  The Notice shall include the general terms of the Settlement set forth in this Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, as defined in ¶6.1 hereof, and the date of the Settlement Hearing, as defined below.

3.2    Within ten (10) business days after entry of the Preliminary Approval Order, Graña y Montero shall provide to the Claims Administrator, at no cost to Plaintiffs or the Settlement Class, reasonably available transfer records in electronic searchable form, such as Excel, containing the names and addresses of Persons who purchased or otherwise acquired Graña y Montero ADS during

- 21 -

the Class Period.  It shall be solely Lead Counsel's responsibility to disseminate the Notice and

Summary Notice to the Settlement Class in accordance with this Stipulation and as ordered by the

Court.  Settlement Class Members shall have no recourse as to the Released Defendant Parties with

respect to any claims they may have that arise from any failure of the notice process.  Copies of all

requests for exclusion from the Settlement Class and/or objections received by the Claims

Administrator (or other person designated to receive exclusion requests) shall be provided to

Defendants' Counsel on a rolling basis within five (5) business days of receipt and no later than

fourteen (14) calendar days prior to the Settlement Hearing.

3.3     Lead Counsel shall request that, after notice is given and not earlier than ninety (90)

calendar days after the later of the dates on which the appropriate Federal official and the appropriate

State officials are provided with notice pursuant to the CAFA, 28 U.S.C. §1715 *et seq.*, the Court

hold a hearing (the "Settlement Hearing") and approve the Settlement of the Litigation as set forth

herein.  At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the

proposed Plan of Allocation and the Fee and Expense Application.

**4.     Releases**

4.1     Upon the relevant Effective Date, as defined in ¶1.8 hereof, and without further action

by anyone, Plaintiffs shall, and each and every Releasing Plaintiff Party on behalf of themselves, and

their respective heirs, executors, administrators, predecessors, successors, and assigns, in their

capacities as such, shall be deemed to have, and by operation of the Judgment shall have, fully,

finally, and forever compromised, settled, resolved, waived, released, relinquished, discharged, and

dismissed each and every one of the Released Claims against each and every one of the relevant

Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting,

prosecuting, or maintaining any and all of the Released Claims against any of the relevant Released

Defendant Parties, whether or not such Releasing Plaintiff Party executes and delivers the Proof of Claim and Release or shares in the Net Settlement Fund.  Claims to enforce the terms of this Stipulation are not released.

4.2     Any Proof of Claim and Release that is executed by Settlement Class Members shall release all Released Claims against the Released Defendant Parties and shall be in all material respects in the form contained in Exhibit A-2 attached hereto.

4.3     Upon the Effective Date, the Releasing Plaintiff Parties will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Defendant Parties.

4.4     Upon the Effective Date, each of the Released Defendant Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims against Plaintiffs, the Settlement Class and Plaintiffs' Counsel.  Claims to enforce the terms of this Stipulation are not released.

5.     **Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

5.1     The Claims Administrator, subject to such supervision and direction of Lead Counsel and the Court as may be necessary or as circumstances may require, shall administer the Settlement, including, but not limited to, the process of receiving, reviewing, and approving or denying Claims, subject to the jurisdiction of the Court, and shall calculate the Claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.  The Released Defendant Parties and Defendants' Counsel shall have no responsibility for or interest whatsoever in the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability whatsoever to the Releasing Plaintiff Parties, including

- 23 -

Plaintiffs, any other Settlement Class Members, or Plaintiffs' Counsel, in connection with such administration, including, but not limited to: (i) any act, omission, or determination by Lead Counsel, the Escrow Agent, and/or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management or investment of the Settlement Fund or the Net Settlement Fund, or the distribution of the Net Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred with the taxation of the Settlement Fund or the filing of any federal, state, or local returns.  Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

5.2     The Settlement Fund shall be applied as follows:

(a)     to pay all Notice and Administration Expenses;

(b)     to pay the Taxes and Tax Expenses;

(c)     to pay attorneys' fees and expenses of Plaintiffs' Counsel and to pay any award to Plaintiffs for their reasonable costs and expenses (including lost wages) pursuant to 15 U.S.C. §78u-4(a)(4), if and to the extent allowed by the Court (the "Fee and Expense Award"); and

(d)     after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as provided by this Stipulation, the Plan of Allocation, or the orders of the Court, subject to and in accordance with the following provisions of this Stipulation.

5.3     Within one hundred-twenty (120) calendar days after the mailing of the Notice or such other time as may be set by the Court, each Settlement Class Member shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the

- 24 -

form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release.

5.4    Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a valid Proof of Claim and Release within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth herein, but will, in all other respects, be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment, and will be barred from bringing any action against the Released Defendant Parties concerning the Released Claims.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  No Person shall have any claim against Plaintiffs, Lead Counsel, the Claims Administrator or any Settlement Class Member by reason of the exercise or non-exercise of such discretion.

5.5    Each Proof of Claim and Release shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine, in accordance with this Stipulation and the approved Plan of Allocation, the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to ¶5.7 below.

5.6    Proof of Claim and Release forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Proof of Claim and Release in whole or in part, the Claims Administrator shall communicate with the claimant in writing to give the claimant the chance to remedy any curable deficiencies in the Proof of Claim and Release submitted.  The Claims Administrator, under the supervision of Lead Counsel, shall notify, in a timely fashion and in

- 25 -

writing, all claimants whose Claims the Claims Administrator proposes to reject in whole or in part
for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the
claimant whose Claim is to be rejected has the right to a review by the Court if the claimant so
desires and complies with the requirements of ¶5.7 below.

5.7     If any claimant whose timely Claim has been rejected in whole or in part for curable
deficiency desires to contest such rejection, the claimant must, within twenty (20) calendar days after
the date of mailing of the notice required in ¶5.6 above, or a lesser period of time if the Claim was
untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the
claimant's grounds for contesting the rejection along with any supporting documentation, and
requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise
resolved, Lead Counsel shall thereafter present the claimant's request for review to the Court.

5.8     Each claimant who declines to be excluded from the Settlement Class shall be
deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Claim,
including, but not limited to, all releases provided for herein and in the Judgment, and the Claim will
be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that
such investigation and discovery shall be limited to the claimant's status as a Settlement Class
Member and the validity and amount of the claimant's Claim.  In connection with processing the
Proofs of Claim and Release, no discovery shall be allowed on the merits of the Litigation or the
Settlement.  All proceedings with respect to the administration, processing and determination of
Claims and the determination of all controversies relating thereto, including disputed questions of
law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court,
but shall not, in any event, delay or affect the finality of the Judgment.  All Settlement Class

4840-0881-6311.v4

Members, other claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

5.9     Following the Effective Date, the Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.  If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants who negotiated the checks sent in the initial distribution and who would receive a minimum of $10.00.  These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis*.  Any *de minimis* balance that still remains in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to reallocate, shall be donated to any appropriate non-sectarian, non-profit charitable organization(s) serving the public interest selected by Lead Counsel and approved by the Court.

5.10    The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of Claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.  No Person shall have any claim of any kind against the Released Defendant Parties with respect to the matters set forth in ¶¶5.1-5.12 hereof; and the Releasing Plaintiff Parties release the Released Defendant Parties from any and all liability and claims arising from or with respect to the administration, investment, or distribution of the Settlement Fund.

- 27 -

5.11    No Person shall have any claim against the Released Defendant Parties, Plaintiffs, Plaintiffs' Counsel or the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.12    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's Claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein, or any other orders entered pursuant to the Stipulation.

### 6.    Plaintiffs' Counsel's Attorneys' Fees and Expenses

6.1    Lead Counsel may submit an application or applications (the "Fee and Expense Application") from the Settlement Fund on behalf of all Plaintiffs' Counsel for:  (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Litigation; plus (c) any interest earned on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.  An application for fees and expenses may include a request for reimbursement of Plaintiffs' reasonable costs and expenses in connection with their representation of the Settlement Class pursuant to 15 U.S.C. §78u-4(a)(4). Lead Counsel reserves the right to make additional applications for fees and expenses incurred.

6.2    The amount of attorneys' fees and expenses awarded by the Court is within the sole discretion of the Court.  Any fees and expenses, as awarded by the Court, shall be paid to Lead

Counsel from the Settlement Fund, as ordered, immediately after the Court executes the Judgment

and an order awarding such fees and expenses, notwithstanding the existence of any timely filed

objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the

Settlement or any part thereof.  Lead Counsel shall thereafter allocate the attorneys' fees among

Plaintiffs' Counsel in a manner in which it in good faith believes reflects the contributions of such

counsel to the initiation, prosecution, and resolution of the Litigation.

6.3     In the event that the Effective Date does not occur, or the Judgment or the order

making the Fee and Expense Award is reversed or modified, or this Stipulation is canceled or

terminated for any other reason, and such reversal, modification, cancellation or termination

becomes Final and not subject to review, and in the event that the Fee and Expense Award has been

paid to any extent, then Lead Counsel, including its partners and/or shareholders, and such other

Plaintiffs' Counsel, including their law firms, partners, and/or shareholders, and Plaintiffs who have

received any portion of the Fee and Expense Award shall, within five (5) business days from

receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction, refund to the

Settlement Fund all such fees and expenses previously paid to them from the Settlement Fund plus

interest thereon at the same rate as earned by the Settlement Fund in an amount consistent with such

reversal, modification, cancellation or termination.  Any refunds required pursuant to this ¶6.3 shall

be  the  several  obligation  of  Plaintiffs'  Counsel,  including  their  law  firms,  partners,  and/or

shareholders,  and  Plaintiffs  that  received  fees  or  expenses  to  make  appropriate  refunds  or

repayments to the Settlement Fund.  Each such Plaintiffs' Counsel or Plaintiff receiving fees and

expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner

and/or shareholder of it, agrees that (a) such Person and its partners, shareholders, and/or members

are  subject  to  the  jurisdiction  of  the  Court  for  the  purpose  of  enforcing  the  provisions  of  this

- 29 -

paragraph, and (b) are jointly and severally liable for the full amount of all fees, expenses, and costs paid from the Settlement Fund.  Without limitation, Plaintiffs' Counsel and Plaintiffs and their partners, shareholders, and/or members agree that the Court may, upon application of Defendants and notice to Lead Counsel and Plaintiffs' Counsel, summarily issue orders, including, but not limited to, judgments and attachment orders, and may make appropriate findings of or sanctions for contempt, should such law firms or their partners, shareholders, or members fail to timely repay fees and expenses pursuant to this paragraph.

6.4     The procedure for and the allowance or disallowance by the Court of any applications by any Plaintiffs' Counsel for attorneys' fees and expenses to be paid out of the Settlement Fund is not part of the Settlement set forth in this Stipulation, and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and shall have no effect on the terms of the Stipulation or on the validity or enforceability of this Settlement.  The approval of the Settlement, and it becoming Final, shall not be contingent on the award of attorneys' fees and expenses, any award to Plaintiffs, Lead Counsel, or Plaintiffs' Counsel, nor any appeals from such awards.  Any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Litigation set forth therein, or any other orders entered pursuant to the Stipulation.

6.5     Any fees and/or expenses awarded by the Court shall be paid solely from the Settlement Fund.  With the sole exception of Defendants' obligation to pay or cause the Settlement Amount to be paid into the Escrow Account as provided for in ¶2.2, the Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment of

- 30 -

attorneys' fees and/or expenses (including Taxes) to Plaintiffs' Counsel, or any other counsel or Person who receives payment from the Net Settlement Fund.

6.6     The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Plaintiffs' Counsel and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

6.7     The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses (including Taxes) incurred by or on behalf of any Settlement Class Member, whether or not paid from the Escrow Account.

## 7.     Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination

7.1     With respect to Defendants' Insurer and the Released Party Defendants other than Graña y Montero, the Effective Date of the Settlement shall be conditioned on the occurrence of all of the following events:

(a)     the Court has entered the Preliminary Approval Order directing notice to the Settlement Class, as required by ¶3.1 hereof;

(b)     five million U.S. dollars ($5,000,000) has been deposited in full into the Escrow Account by Defendants' Insurer as provided in ¶2.2 hereof;

(c)     the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment in the form attached hereto as Exhibit B without any material change, including, but not limited to, the scope of the releases provided to the Settling Parties;

(d)     the Judgment as to Defendant Monica Miloslavich Hart has become Final, as defined in ¶1.11 hereof; and

- 31 -

(e)      the Effective Date as to Defendants' Insurer and the Released Party Defendants other than Graña y Montero is distinct and is not contingent in any way on Defendant Graña y Montero's actions in relation to this Stipulation, including the payment of any amount required to be paid by Defendant Graña y Montero pursuant ¶2.2 hereof.

7.2      With respect to Defendant Graña y Montero, the Effective Date of the Settlement shall be conditioned on the occurrence of all of the following events:

(a)      the Court has entered the Preliminary Approval Order directing notice to the Settlement Class, as required by ¶3.1 hereof;

(b)      fifteen million U.S. dollars ($15,000,000) plus any accrued interest has been deposited in full into the Escrow Account by Defendant Graña y Montero as provided in ¶2.2 hereof;

(c)      Defendant Graña y Montero has not exercised its option to terminate the Settlement pursuant to ¶7.4 hereof;

(d)      the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment in the form attached hereto as Exhibit B without any material change, including, but not limited to, the scope of the releases provided to the Settling Parties; and

(e)      the Judgment has become Final, as defined in ¶1.11 hereof.

7.3      Upon the Effective Date, any and all remaining interest or right of the Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.  The Released Defendant Parties shall not have any liability, obligation, or responsibility for the payment of Claims, Taxes, legal fees, or any other expenses payable from the Settlement Fund.  If the conditions specified in ¶7.1 hereof are not met, then the Settlement shall be canceled and terminated subject to ¶¶7.5, 7.6 and 7.7 hereof unless the Settling Parties mutually

- 32 -

agree in writing to proceed with the Settlement.  For avoidance of doubt, no order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, expenses, and interest awarded by the Court to Lead Counsel or expenses to Plaintiffs shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

7.4     Graña y Montero shall have the unilateral right to terminate the Settlement and render it null and void in the event Members of the Settlement Class who purchased or otherwise acquired more than a certain percentage of Graña y Montero ADS subject to this Settlement exclude themselves from the Settlement Class, as set forth in a separate agreement (the "Supplemental Agreement") executed between Plaintiffs and Graña y Montero, by and through their counsel.  The Settling Parties agree to maintain the confidentiality of the Supplemental Agreement, which is being executed concurrently herewith.  The Supplemental Agreement shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court requires the Settling Parties to file the Supplemental Agreement or disclose its terms. If submission of the Supplemental Agreement is ordered by the Court or is necessary to resolve a dispute between the Plaintiffs and Graña y Montero, the Settling Parties will seek to have the Supplemental Agreement submitted to the Court *in camera* or filed under seal, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to preserve the confidentiality of the Supplemental Agreement, particularly the threshold aggregate number of ADS.  Notwithstanding the foregoing, Defendants may include a redacted copy of the Supplemental Agreement with any notice provided pursuant to CAFA.

7.5     Unless otherwise ordered by the Court, in the event this Stipulation is not approved or this Stipulation or the Settlement is terminated, or canceled, or the Effective Date otherwise fails to occur for any reason, including, without limitation, in the event the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked, within ten (10) business days after written notification of such event is sent by Defendants' Counsel or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less Taxes, Tax Expenses and Notice and Administration Expenses which have either been disbursed pursuant to ¶2.11 and/or ¶2.13 hereof, or are chargeable to the Settlement Fund pursuant to ¶2.11 and/or ¶2.13 hereof, shall be refunded by the Escrow Agent to the Persons who contributed to the Settlement Fund in proportion to their respective contribution.  Such refunds shall be pursuant to written instructions from Defendants' Counsel.  The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund to the same Persons in the same manner as the Settlement Fund described in this ¶7.5.  Such payments shall be pursuant to written instructions from Defendants' Counsel.

7.6     In the event that this Stipulation is not approved or this Stipulation or the Settlement is terminated, canceled, or the Effective Date otherwise fails to occur for any reason, the Settling Parties shall be restored to their respective positions in the Litigation as of February 10, 2020.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.36, 2.8-2.11, 2.13-2.15, 6.3, 7.5, 8.1, and 9.4 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.  No order of the Court or modification or reversal on appeal of

- 34 -

any order of the Court concerning the Plan of Allocation or any Fee and Expense Award shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of this Stipulation.

7.7     If the Effective Date does not occur, or if this Stipulation is terminated pursuant to its terms, neither Plaintiffs nor Plaintiffs' Counsel shall have any obligation to repay any amounts disbursed pursuant to ¶2.11 or ¶2.13.  In addition, any amounts already incurred pursuant to ¶2.11 or ¶2.13 hereof at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of this Stipulation prior to the balance being refunded in accordance with ¶¶2.15 and ¶7.5 hereof.

## 8.     No Admission of Wrongdoing

8.1     Neither the Term Sheet, the Settlement, this Stipulation (whether or not consummated), including the Exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and this Stipulation and the Settlement, nor any proceedings, communications, drafts, documents or agreements taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered or received against any Released Defendant Party as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Released Defendant Party of the truth of any allegations by Plaintiffs or any Member of the Settlement Class or the validity of any claim that has been or could have been asserted in the Litigation or in any other litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any other litigation, including, but not limited to, litigation of the Released Claims, or of any liability, negligence, fault, or wrongdoing of any kind of any of the

Released Defendant Parties or in any way referred to for any other reason as against any of the Released Defendant Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)      shall be offered or received against or construed as or to the prejudice of any Released Defendant Party as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Released Defendant Party, or against Plaintiffs or any Member of the Settlement Class as evidence of any infirmity in the claims of Plaintiffs and the Settlement Class;

(c)      shall be offered or received against any Released Defendant Party as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding; provided, however, that if this Stipulation is approved by the Court, Defendants and their Related Parties may refer to it to effectuate the release granted them hereunder; or

(d)      shall be construed against Released Defendant Party, Plaintiffs, or the Settlement Class as evidence of a presumption, concession or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial or in any proceeding other than this Settlement.

**9.      Miscellaneous Provisions**

9.1      The Settling Parties:  (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to promptly

4840-0881-6311.v4

agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

9.2     The Settling Parties intend this Stipulation and Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs and any other Settlement Class Members against the Released Defendant Parties with respect to the Released Claims.  The Settlement compromises all claims that were or are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Judgment will contain a finding that, during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.  The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated at arm's length and in good faith by the Settling Parties, including through a mediation process, and reflect a settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

9.3     Defendants and/or the Released Defendant Parties may file this Stipulation and/or the Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection under any applicable insurance policy.  The Settling Parties may file this Stipulation and/or the Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment.   All Settling Parties submit to the jurisdiction of the Court for purposes of

- 37 -

implementing and enforcing the Settlement.  Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

9.4     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

9.5     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Settling Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential, provided, however, that nothing herein shall prohibit disclosure of the foregoing to Defendants' Insurer.

9.6     All of the Exhibits to this Stipulation and the Supplemental Agreement are material and integral parts hereof and are fully incorporated herein by this reference as though fully set forth herein.

9.7     This Stipulation, along with its Exhibits and the Supplemental Agreement, may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.8     This Stipulation and the Exhibits attached hereto together with the Supplemental Agreement constitute the entire agreement among the Settling Parties concerning the Settlement and this Stipulation and its Exhibits and supersede any prior or contemporaneous written or oral agreements or understandings between the Settling Parties.  All Settling Parties acknowledge that no other agreements, representations, warranties, or inducements have been made to or by any party hereto concerning this Stipulation, its Exhibits, or the Supplemental Agreement, other than the representations, warranties, and covenants contained and memorialized in such documents.

4840-0881-6311.v4

9.9     Except as otherwise provided herein, each party shall bear his, her, or its own fees and costs.

9.10    Lead Counsel, on behalf of the Settlement Class, is expressly authorized by Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Settlement Class which it deems appropriate.

9.11    Each counsel or other Person executing this Stipulation, its Exhibits, the Supplemental Agreement, or any related Settlement document, on behalf of any party hereto hereby warrants that such Person has the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms, without requiring additional consent, approval, or authorization of any other Person, board, entity, tribunal, or other regulatory or governmental authority.

9.12    This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.  Signatures sent by facsimile or by a pdf/tif image of the signature via e-mail shall be deemed originals.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

9.13    All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given (i) when delivered personally to the recipient, (ii) one (1) business day after being sent to the recipient by reputable overnight courier service (charges prepaid), or (iii) seven (7) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

4840-0881-6311.v4

*If to Plaintiffs or to Lead Counsel:*

ROBBINS GELLER RUDMAN
  & DOWD LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA  92101

HOLZER & HOLZER, LLC
COREY D. HOLZER
1200 Ashwood Parkway, Suite 410
Atlanta, GA  30338

*If to the Defendants or Defendants' Counsel:*

SIMPSON THACHER
  & BARTLETT LLP
GEORGE S. WANG
425 Lexington Avenue
New York, NY  10017

GOODWIN PROCTER LLP
DEREK A. COHEN
620 Eighth Avenue
New York, NY  10018

9.14    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties, including any and all Released Persons and any corporation, partnership, or other entity into or with which any party hereto may merge, consolidate, or reorganize.

9.15    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.

9.16    The waiver by one Settling Party of any breach of this Stipulation by any other party shall not be deemed a waiver by any other Settling Party or a waiver of any other prior or subsequent breach of this Stipulation.

- 40 -

9.17    Pending approval of the Court of this Stipulation and its Exhibits, all proceedings in this Litigation shall be stayed and all Members of the Settlement Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Defendant Parties.

9.18    This Stipulation, its Exhibits and the Supplemental Agreement shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New York and the rights and obligations of the parties to the Stipulation shall be construed, interpreted and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to its choice-of-law principles, except to the extent that federal law requires that federal law govern.

9.19    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

9.20    This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and the Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

9.21    Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

9.22    Unless otherwise provided, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Court.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated July 2, 2020.

- 41 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
ALAN ELLMAN

DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
aellman@rgrdlaw.com

HOLZER & HOLZER, LLC
COREY D. HOLZER
MARSHALL DEES
1200 Ashwood Parkway, Suite 410
Atlanta, GA  30338
Telephone:  770/392-0090
770/392-0029 (fax)
cholzer@holzerlaw.comp

*Lead Counsel for Plaintiffs*

LAW OFFICES OF CURTIS V. TRINKO, LLP
CURTIS V. TRINKO
39 Sintsink Drive West, 1st Floor
Port Washington, NY  11050
Telephone:  516/883-1437
ctrinko@trinko.com

*Additional Counsel for Plaintiffs*

SIMPSON THACHER & BARTLETT LLP
GEORGE S. WANG
ANAR RATHOD PATEL
ADRIENNE V. BAXLEY

GEORGE S. WANG

- 42 -

ROBBINS GELLER RUDMAN
 & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
ALAN ELLMAN


_____
            DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
aellman@rgrdlaw.com

HOLZER & HOLZER, LLC
COREY D. HOLZER
MARSHALL DEES
1200 Ashwood Parkway, Suite 410
Atlanta, GA  30338
Telephone:  770/392-0090
770/392-0029 (fax)
cholzer@holzerlaw.com

*Lead Counsel for Plaintiffs*

LAW OFFICES OF CURTIS V. TRINKO, LLP
CURTIS V. TRINKO
39 Sintsink Drive West, 1st Floor
Port Washington, NY  11050
Telephone:  516/883-1437
ctrinko@trinko.com

*Additional Counsel for Plaintiffs*

SIMPSON THACHER & BARTLETT LLP
GEORGE S. WANG
ANAR RATHOD PATEL
ADRIENNE V. BAXLEY

_____
            GEORGE S. WANG

- 42 -

425 Lexington Avenue
New York, NY 10017
Telephone: 212/455-2228
212/455-2502 (fax)
gwang@stblaw.com
apatel@stblaw.com
adrienne.baxley@stblaw.com

*Counsel for Defendant Graña y Montero S.A.A*

GOODWIN PROCTER LLP
DEREK A. COHEN
WILLIAM J. HARRINGTON
JARED R. KILLEEN

DEREK A. COHEN

620 Eighth Avenue
New York, NY 10018
Telephone: 212/813-8800
212/355-3333 (fax)
dcohen@goodwinlaw.com
wharrington@goodwinlaw.com
jkilleen@goodwinlaw.com

*Counsel for Defendant Monica Miloslavich Hart*

- 43 -

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | x | |
|---|---|---|
| In re GRAÑA Y MONTERO S.A.A. SECURITIES LITIGATION | : | Civil Action No. 2:17-cv-01105-LDH-ST |
| | : | CLASS ACTION |
| | : | |
| This Document Relates To: | : | [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT |
| ALL ACTIONS. | : | AND PROVIDING FOR NOTICE |
| | x | EXHIBIT A |

WHEREAS, an action is pending before this Court entitled *In re Graña y Montero S.A.A. Securities Litigation*, No. 2:17-cv-01105-LDH-ST (E.D.N.Y.) (the "Litigation");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation of Settlement dated July 2, 2020 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto;

WHEREAS, the Court preliminarily finds that:

(a)     the Settlement resulted from informed, extensive arm's-length negotiations between experienced counsel, including mediation under the direction of an experienced mediator, Gregory Lindstrom, Esq. of Phillips ADR Enterprises;

(b)     the proposed Settlement eliminates risks to the Settling Parties of continued litigation;

(c)     the Settlement does not provide undue preferential treatment to Plaintiffs or to segments of the Settlement Class;

(d)     the Settlement does not provide excessive compensation to counsel for Plaintiffs; and

(e)     the Settlement appears to fall within the range of possible approval and is therefore sufficiently fair, reasonable and adequate to warrant providing notice of the Settlement to the Settlement Class; and

WHEREAS, unless otherwise defined, all capitalized terms used herein have the same meanings as set forth in the Stipulation.

- 1 -

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.     The Court hereby preliminarily approves the Settlement set forth in the Stipulation, subject to further consideration at the Settlement Hearing described below.

2.     Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, the Litigation is hereby preliminarily certified as a class action on behalf of all Persons who purchased or otherwise acquired Graña y Montero ADS from July 24, 2013 through February 24, 2017, inclusive.  Excluded from the Settlement Class are: Defendants, members of their immediate families, the officers and directors and affiliates of Graña y Montero during the Class Period, and the legal representatives, heirs, successors or assigns of any of the foregoing, as well as any entity in which any Defendant or group of Defendants have or had during the Class Period a controlling interest.

3.     Also excluded from the Settlement Class is any Person who would otherwise be a Member of the Settlement Class but who validly and timely requests exclusion in accordance with the requirements set by the Court.

4.     The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Members of the Settlement Class predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Litigation.

- 2 -

5.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff Treasure Finance Holding Corp. and plaintiff Marcia Goldberg are preliminarily certified as Class Representatives and Lead Counsel Robbins Geller Rudman & Dowd LLP and Holzer & Holzer, LLC are preliminarily certified as Settlement Class Counsel.

6.     The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; and (iv) warranting notice of the proposed Settlement to Settlement Class Members and further consideration of the Settlement at the Settlement Hearing described below.

7.     A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2020, at ___ ___.m. (a date that is at least 100 calendar days from entry of this Order), at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201 to determine: (a) whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (b) whether a Judgment, as provided in ¶1.12 of the Stipulation, should be entered; (c) whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; (d) the amount of fees and expenses that should be awarded to Lead Counsel and Plaintiffs; and (e) any such other matters as the Court may deem appropriate. Notice of the Settlement and the Settlement Hearing shall be given to the Settlement Class Members as set forth in ¶8 of this Order.  The Court may adjourn the Settlement Hearing or decide to hold the Settlement Hearing telephonically without further notice to the Members of the Settlement Class, and may approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Settlement Class.

- 3 -

8.      The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice of Proposed Settlement of Class Action (the "Summary Notice") annexed hereto as Exhibits 1, 2, and 3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶10 of this Order, meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

9.      All fees, costs, and expenses incurred in identifying and notifying potential Settlement Class Members shall be paid from the Net Settlement Fund as set forth in the Stipulation, and in no event shall any of the Released Persons bear any responsibility for such fees, costs, or expenses.  Notwithstanding the foregoing, Graña y Montero shall be responsible for the costs and expenses of providing to Lead Counsel and/or the Claims Administrator (defined below) reasonably available pertinent transfer records for purposes of mailing notice to the Settlement Class pursuant to ¶3.2 of the Stipulation.

10.     The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)      Graña y Montero shall provide to the Claims Administrator, at no cost to Plaintiffs or the Settlement Class, within ten (10) business days after the Court signs this Order, reasonably available transfer records in electronic searchable form, such as Excel, containing the names and addresses of Persons who purchased or otherwise acquired Graña y Montero ADS during the Class Period;

- 4 -

4839-6543-1991.v3

(b)     Not later than _____, 2020 (the "Notice Date") (a date twenty-eight (28) calendar days after entry by this Court of this Order), the Claims Administrator shall commence mailing the Notice and Proof of Claim, substantially in the forms annexed hereto, by First-Class Mail to all potential Settlement Class Members who can be identified with reasonable effort and post the Notice and Proof of Claim on the website established for this Litigation: www. GranaSecuritiesSettlement.com;

(c)     Not later than _____, 2020 (a date seven (7) calendar days after the Notice Date), the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service; and

(d)     At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

11.     Nominees who purchased or acquired Graña y Montero ADS during the Class Period for the beneficial ownership of potential Settlement Class Members shall send the Notice and the Proof of Claim to all such beneficial owners of Graña y Montero ADS within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.  Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are potential Settlement Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

- 5 -

12.     Settlement Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Settlement Class, whether or not such Settlement Class Members submit Proofs of Claim or otherwise seek or obtain by any means any distribution from the Net Settlement Fund.

13.     Settlement Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than _____, 2020 (a date one hundred-twenty (120) calendar days from the Notice Date).  Any Settlement Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered.  Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby, but will incur no liability for exercising or refusing to exercise such discretion.

14.     Any Settlement Class Member may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of their own choice.  Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

15.     Any Member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice.  Any such Person must submit to the Claims Administrator a signed request for

- 6 -

exclusion ("Request for Exclusion") such that it is postmarked no later than _____, 2020 (a date that is twenty-one (21) calendar days prior to the Settlement Hearing).  A Request for Exclusion must state: (i) the name, address, and telephone number of the Person requesting exclusion; (ii) a list identifying the number of ADS and date of each purchase or acquisition of Graña y Montero ADS and the price paid for any purchase or acquisition of Graña y Montero ADS from July 24, 2013 through February 24, 2017, inclusive; and (iii) that the Person wishes to be excluded from the Settlement Class.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or any final Judgment.  Unless otherwise ordered by the Court, any Person who purchased or otherwise acquired Graña y Montero ADS during the Class Period who fails to timely request exclusion from the Settlement Class in compliance with this paragraph shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class, and shall be barred from requesting exclusion from the Settlement Class in this or any other proceeding.

16.     Lead Counsel or the Claims Administrator shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, promptly upon receipt and as expeditiously as possible, and in any event, on a rolling basis within five (5) business days of receipt and not less than fourteen (14) calendar days prior to the Settlement Hearing.

17.     Any Settlement Class Member who or which does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and litigation expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement of the Litigation should or

- 7 -

should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to Lead Counsel, or why costs and expenses should not be awarded to Plaintiffs; provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below, delivered by hand or sent by First-Class Mail such that they are received, not simply postmarked, on or before _____, 2020 (a date that is twenty-one (21) calendar days prior to the Settlement Hearing), by Robbins Geller Rudman & Dowd LLP, Ellen Gusikoff Stewart, 655 West Broadway, Suite 1900, San Diego, CA 92101; Holzer & Holzer, LLC, Corey D. Holzer, 1200 Ashwood Parkway, Suite 410, Atlanta, GA 30338; Simpson Thacher & Bartlett LLP, George S. Wang, 425 Lexington Avenue, New York, NY 10017; and Goodwin Procter LLP, Derek A. Cohen, 620 Eighth Avenue, New York, NY 10018. Any Settlement Class Member who does not make his, her, or its objection in the manner provided herein and in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel or expenses of Plaintiffs, unless otherwise ordered by the Court. Attendance at the Settlement Hearing is not necessary. However, Persons wishing to be heard orally in opposition to approval of the Settlement, the Plan of Allocation, and/or the award of attorneys' fees and expenses to Lead Counsel are required to indicate in their written objection their intention to appear at the Settlement Hearing. Settlement Class Members do not need to appear at the Settlement Hearing or take any action if they do not oppose any aspect of the Settlement.

4839-6543-1991.v3

18.     Any objections, filings, and other submissions by an objecting Settlement Class Member must: (i) state the name, address, and telephone number of the Person objecting and must be signed by the objector; (ii) state with specificity the grounds for the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; (iii) include documents sufficient to prove membership in the Settlement Class, including the objecting Settlement Class Member's purchases, acquisitions, and sales of Graña y Montero ADS during the Class Period, including the dates, the number of Graña y Montero ADS purchased, acquired, or sold, and price paid or received for each such purchase, acquisition, or sale; and (iv) state whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class.   Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.   Objectors who intend to appear at the Settlement Hearing through counsel must also identify that counsel by name, address and telephone number.   Any Member of the Settlement Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, and to the award of attorneys' fees and expenses to Plaintiffs' Counsel and to any award of costs and expenses to Plaintiffs, unless otherwise ordered by the Court.

- 9 -

19.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

20.     Lead Counsel shall file and serve all opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses by _____, 2020 (a date that is thirty-five (35) calendar days prior to the Settlement Hearing).  Replies to any objections shall be filed and served by _____, 2020 (a date that is seven (7) calendar days prior to the Settlement Hearing).

21.     Neither the Defendants and their Related Parties nor Defendants' Counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or expenses of Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment and the settlement of the Litigation.

22.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

23.     All reasonable expenses incurred in identifying and notifying potential Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶2.11 or 2.13 of the Stipulation.

- 10 -

24.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants as to the validity of any claims or as to the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

25.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

26.     If the Stipulation and the Settlement set forth therein is not approved or consummated for any reason whatsoever, this Order shall be rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation.  This Order, the Stipulation, and the Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante* as of February 10, 2020.

27.     Unless otherwise ordered by the Court, all proceedings in the Litigation are stayed, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation or other agreement of the Settling Parties.  Pending final determination of whether the proposed Settlement should be approved, the Court bars and enjoins Plaintiffs, including Lead Plaintiff and any other Settlement Class Member, directly or indirectly, representatively, or in any other capacity, from commencing or prosecuting against any of the Released Defendant Parties, any action or proceeding in any court or tribunal asserting any of the Released Claims.

28.     Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation (or any other plan of allocation that may be

- 11 -

approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Litigation or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendant Parties or in any way referred to for any other reason as against any of the Released Defendant Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (b) shall be construed against any of the Released Defendant Parties as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court, the Settling Parties and their Related Parties and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

IT IS SO ORDERED.

DATED:  _____          _____
                                The Honorable LaShann DeArcy Hall
                                United States District Judge

4839-6543-1991.v3

# EXHIBIT A-1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | x | |
| In re GRAÑA Y MONTERO S.A.A. SECURITIES LITIGATION | : | Civil Action No. 2:17-cv-01105-LDH-ST |
| | : | |
| | : | CLASS ACTION |
| | : | |
| This Document Relates To: | : | NOTICE OF PENDENCY AND PROPOSED |
| | : | SETTLEMENT OF CLASS ACTION |
| ALL ACTIONS. | : | |
| | : | EXHIBIT A-1 |
| | x | |

TO:     **ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED AMERICAN DEPOSITORY SHARES ("ADS") OF GRAÑA Y MONTERO S.A.A. ("GRAÑA Y MONTERO" OR THE "COMPANY") DURING THE PERIOD FROM JULY 24, 2013 THROUGH FEBRUARY 24, 2017, INCLUSIVE, AND ARE NOT OTHERWISE EXCLUDED FROM THE SETTLEMENT CLASS**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION.  PLEASE NOTE THAT IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE _____, 2020**.

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of New York (the "Court").  The purpose of this Notice is to inform you of the pendency of this class action (the "Litigation") between Lead Plaintiff Treasure Finance Holding Corp. and plaintiff Marcia Goldberg ("Plaintiffs") and Defendants Graña y Montero and Monica Miloslavich Hart ("Defendants") and the proposed $20,000,000 settlement reached therein (the "Settlement") and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement as well as counsel's application for fees and expenses.  This Notice describes what steps you may take in relation to the Settlement and this class action.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants.  This Notice is solely to advise you of the proposed Settlement of the Litigation and of your rights in connection therewith.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM FORM** | The only way to be eligible to receive a payment from the Settlement.  **Proof of Claim forms must be postmarked or submitted online on or before _____, 2020.** |
| **EXCLUDE YOURSELF** | Get no payment.  This is the only option that ***potentially*** allows you to ever be part of any other lawsuit against the Defendants or any other Released Persons about the legal claims being resolved by this Settlement.  Should you elect to exclude yourself from the Settlement Class you should understand that Defendants and the other Released Defendant Parties will have the right to assert any |

---

[1]     All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation and Agreement of Settlement dated July 2, 2020 (the "Settlement Agreement" or "Stipulation"), which is available on the website www.GranaSecuritiesSettlement.com.

4848-6622-4567.v3

|  | and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. **Exclusions must be postmarked on or before _____, 2020.** |
|---|---|
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses. You will still be a Member of the Settlement Class. **Objections must be *received* by the Court and counsel on or before _____, 2020. If you submit a written objection, you may (but do not have to) attend the hearing.** |
| **GO TO THE HEARING ON _____, 2020** | Ask to speak in Court about the fairness of the Settlement. **Requests to speak must be *received* by the Court and counsel on or before _____, 2020.** |
| **DO NOTHING** | Receive no payment. You will, however, still be a Member of the Settlement Class, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

## SUMMARY OF THIS NOTICE

**Statement of Settlement Class Recovery**

Pursuant to the Settlement described herein, a $20 million settlement has been established. Based on Plaintiffs' estimate of the number of Graña y Montero ADS eligible to recover under the Settlement, the average distribution per ADS under the Plan of Allocation is approximately $0.60 before deduction of any taxes on the income earned on the Settlement Amount thereof, notice and administration costs, and the attorneys' fees and expenses as determined by the Court. **Settlement Class Members should note, however, that these are only estimates.** A Settlement Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claims as compared to the total claims of all Settlement Class Members who submit acceptable Proofs of Claim. An individual Settlement Class Member may receive more or less than this estimated average amount. *See* Plan of Allocation set forth and discussed at pages \_\_\_ below for more information on the calculation of your claim.

**Statement of Potential Outcome of Case**

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Settlement Class prevailed on each claim alleged. Defendants deny that they are liable to the Settlement Class and deny that the Settlement Class has suffered any damages. The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Settlement Class under the federal securities laws, or any other laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the prices of Graña y Montero ADS were allegedly artificially inflated (if at all) during the Class

4848-6622-4567.v3

Period; (4) the amount, if any, by which the prices of Graña y Montero ADS were allegedly artificially inflated (if at all) during the Class Period; (5) the effect of various market forces on the prices of Graña y Montero ADS at various times during the Class Period; (6) the extent to which external factors influenced the prices of Graña y Montero ADS at various times during the Class Period; (7) the extent to which the various matters that Plaintiffs alleged were materially false or misleading influenced (if at all) the prices of Graña y Montero ADS at various times during the Class Period; and (8) the extent to which the various allegedly adverse material facts that Plaintiffs alleged were omitted influenced (if at all) the prices of Graña y Montero ADS at various times during the Class Period.

**Statement of Attorneys' Fees and Expenses Sought**

Since the action's inception, Plaintiffs' Counsel have expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and have advanced the expenses of the Litigation in the expectation that if they were successful in obtaining a recovery for the Settlement Class, they would be paid from such recovery. Lead Counsel will apply to the Court for an award of attorneys' fees on behalf of Plaintiffs' Counsel not to exceed twenty-five percent (25%) of the Settlement Amount, plus expenses not to exceed $100,000, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. In addition, Plaintiffs may seek payment for their time and expenses incurred in representing the Settlement Class in an amount not to exceed $10,000 in the aggregate. If the amounts requested are approved by the Court, the average cost per Graña y Montero ADS will be approximately $0.15.

**Further Information**

For further information regarding the Litigation, this Notice or to review the Stipulation, please contact the Claims Administrator toll-free at 1-866-771-1373, or visit the website www.GranaSecuritiesSettlement.com.

You may also contact a representative of counsel for the Settlement Class: Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, www.rgrdlaw.com, or Corey D. Holzer, Holzer & Holzer LLC, 1200 Ashwood Parkway, Suite 410, Atlanta, GA 30338, 1-770-392-0090, holzerlaw.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

**Reasons for the Settlement**

Plaintiffs' principal reason for entering into the Settlement is the benefit to the Settlement Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. For the Defendants, who have denied and continue to deny, all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in complex cases such as this Litigation. Defendants have concluded that further conduct of this Litigation could be protracted and distracting.

4848-6622-4567.v3

## BASIC INFORMATION

| **1.** | **Why did I get this Notice package?** |
|---|---|

This Notice was sent to you pursuant to an Order of a U.S. District Court because you or someone in your family or an investment account for which you serve as custodian may have purchased or otherwise acquired Graña y Montero ADS during the period from July 24, 2013 through and including February 24, 2017 (the "Class Period").

This Notice explains the class action lawsuit, the Settlement, Settlement Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Litigation is the United States District Court for the Eastern District of New York, and the case is known as *In re Graña y Montero S.A.A. Securities Litigation*, No. 2:17-cv-01105-LDH-ST.  The case has been assigned to the Honorable LaShann DeArcy Hall. The entity and individual representing the Settlement Class are the Plaintiffs, and the company and individuals they sued and who have now settled are called the Defendants.

| **2.** | **What is this lawsuit about?** |
|---|---|

Plaintiffs' Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"), filed on May 29, 2018, alleged that Defendants violated §§10(b) and 20(a) of the Securities Exchange Act of 1934.  More specifically, Plaintiffs alleged that during the Class Period, Defendants made materially false and misleading statements and/or failed to disclose adverse information regarding Graña y Montero's business and the source of its revenues, including that between 2005 and 2014, Graña y Montero generated millions of dollars in revenues from various construction and real estate contracts which had been procured through the payment of bribes, by a company with which one of Graña y Montero's subsidiaries was part of a consortium.  Plaintiffs alleged that as a result of these false and misleading statements or omissions, Graña y Montero was able to sell $475 million worth of ADS in an initial public offering, and trade at artificially inflated prices until the disclosure of adverse facts.

On July 12, 2018, Plaintiffs moved to serve the Individual Defendants through alternative means.  On July 30, 2018, Graña y Montero moved to dismiss the Complaint.  Plaintiffs filed their opposition to the motion to dismiss and a motion to strike certain of Graña y Montero's exhibits on September 26, 2018, and Graña y Montero filed its reply brief on October 26, 2018.  On January 9, 2019, Magistrate Judge Lindsay issued a Report and Recommendation Granting in Part and Denying in Part Plaintiffs' Motion for Alternative Service on the Individual Defendants.  On May 10, 2019, Plaintiffs filed their second amended complaint.  On June 7, 2019, Graña y Montero and Hart filed motions to dismiss.  Only July 22, 2019, Plaintiffs filed their oppositions to the motions to dismiss.  On August 12, 2019, Graña y Montero and Hart filed replies in further support of their motions.  Those motions remain pending.

On November 19, 2019, counsel for Graña y Montero, Hart and Plaintiffs participated in an in-person mediation session with Gregory Lindstrom, Esq. of Phillips ADR Enterprises, an experienced mediator.  The mediation was preceded by submission of mediation statements by the

4848-6622-4567.v3

mediating parties.  The Settling Parties engaged in arm's-length negotiations during the mediation session, and reached an agreement-in-principle to resolve the Litigation, subject to insurer approval.  The agreement included, among other things, the Settling Parties' agreement to settle the Litigation in return for a cash payment of $20,000,000 for the benefit of the Settlement Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court.  The Stipulation (together with the Exhibits thereto) reflects the final and binding agreement between the Settling Parties.

Defendants deny each and all of the claims and contentions of wrongdoing alleged by Plaintiffs in the Litigation.  Defendants contend that they did not make any materially false or misleading statements, that they disclosed all material information required to be disclosed by the federal securities laws, and that any alleged misstatements or omissions were not made with the requisite intent or knowledge of wrongdoing.  Defendants also contend that any losses allegedly suffered by Members of the Settlement Class were not caused by any allegedly false or misleading statements by them and/or were caused by intervening events.  Defendants also maintain that they have meritorious defenses to all claims that were raised or could have been raised in the Litigation.

| 3. | Why is there a settlement? |
|---|---|

The Court has not decided in favor of Defendants or of the Plaintiffs.  Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Plaintiffs agreed to the Settlement in order to ensure that Settlement Class Members will receive compensation.

## WHO IS IN THE SETTLEMENT

| 4. | How do I know if I am a Member of the Settlement Class? |
|---|---|

The Court directed that everyone who fits this description is a Settlement Class Member: all Persons who purchased or otherwise acquired Graña y Montero ADS during the period from July 24, 2013, through and including February 24, 2017, except those Persons and entities that are excluded.

Excluded from the Settlement Class are:  Defendants, members of their immediate families, the officers and directors and affiliates of Graña y Montero during the Class Period, and the legal representatives, heirs, successors or assigns of any of the foregoing, as well as any entity in which any Defendant or group of Defendants have or had a controlling interest.  Also excluded from the Settlement Class are those Persons who timely and validly exclude themselves therefrom by submitting a request for exclusion in accordance with the requirements set forth in question 11 below.

**Please Note**:  Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive a payment from the Settlement.  If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked or submitted online on or before _____, 2020.

- 5 -

4848-6622-4567.v3

| 5. | What if I am still not sure if l am included? |
|---|---|

If you are still not sure whether you are included, you can ask for free help.  You can contact the Claims Administrator toll-free at 1-866-771-1373, or you can fill out and return the Proof of Claim form enclosed with this Notice package, to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 6. | What does the Settlement provide? |
|---|---|

The Settlement provides that, in exchange for the release of the Released Claims (defined below) and dismissal of the Litigation, Defendants have agreed to pay (or cause to be paid) $20 million in cash to be distributed after taxes, tax expenses, notice and claims administration expenses, and approved fees and expenses, *pro rata*, to Settlement Class Members who send in a valid Proof of Claim form pursuant to the Court-approved Plan of Allocation.  The Plan of Allocation is described in more detail at the end of this Notice.

| 7. | How much will my payment be? |
|---|---|

Your share of the Net Settlement Fund will depend on several things, including the total value of ADS represented by the valid Proof of Claim forms that Settlement Class Members send in, compared to the value of your claim, all as calculated under the Plan of Allocation discussed below.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

| 8. | How can I get a payment? |
|---|---|

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim form.  A Proof of Claim form is enclosed with this Notice or it may be downloaded at www.GranaSecuritiesSettlement.com. Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail or submit it online so that it is postmarked or received no later than _____, 2020**.  The Proof of Claim form may be submitted online at www.GranaSecuritiesSettlement.com.

| 9. | When would I get my payment? |
|---|---|

**The Court will hold a Settlement Hearing on _____, 2020, at _____ _.m.**, to decide whether to approve the Settlement.  If the Court approves the Settlement, there might be appeals.  It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them.  It also takes time for all the Proofs of Claim to be processed.  Please be patient.

| 10. | What am I giving up to get a payment or to stay in the Settlement Class? |
|---|---|

Unless you timely and validly exclude yourself, you are staying in the Settlement Class, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants

or their Related Parties about the Released Claims (as defined below) in this case.  It also means that all of the Court's orders will apply to you and legally bind you.  If you remain a Settlement Class Member, and if the Settlement is approved, you will give up all "Released Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Persons" (as defined below):

- "Released Claims" means any and all claims, demands, losses, rights, and causes of action of any nature whatsoever that Plaintiffs or any other Member of the Settlement Class (i) asserted in the Litigation or could have been asserted or could in the future be asserted in any forum, whether known or unknown, whether foreign or domestic, whether arising under federal, state, common, or foreign law, whether based on statements or omissions made directly to individual persons or broadly to the market, to Plaintiffs, any Member of the Settlement Class, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, whether individual, class, direct, derivative, representative, on behalf of others, legal, equitable, regulatory, governmental, or of any other type or in any other capacity, whether brought directly or indirectly against any of the Defendants, that arise out of or are based upon or related in any way in part or in whole to any of the allegations, acts, facts, transactions, statements, events, matters, occurrences, representations or omissions involved, set forth or referred to in any complaint filed in the Litigation or in any other action that has been or may be filed by a Member of the Settlement Class arising from related facts, events, occurrences or transactions, and (ii) that relate in any way directly or indirectly in whole or in part to the purchase or acquisition of Graña y Montero ADS during the Class Period.  "Released Claims" includes "Unknown Claims" as defined below.

- "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, against Plaintiffs, Plaintiffs' Counsel or any Settlement Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation, except for claims relating to (i) the enforcement of the Settlement; or (ii) any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

- "Released Persons" means each and all of the Defendants, Defendants' Counsel and their Related Parties.

- "Related Parties" means each Defendant, regardless of whether they have been served, and their current and former parent, entities, business units, business divisions, affiliates or subsidiaries and each and all of their current and former officers, directors, attorneys, employees, agents, trustees, parents, affiliates, subsidiaries, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, insurers, engineers, advisors, heirs, executors, trustees, general or limited partners or partnerships, personal representatives,

- 7 -

estates, administrators, and each of their successors, predecessors, assigns, and assignees, and any of the Individual Defendants' immediate family members.

- "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Settlement Class; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Plaintiffs, the Settlement Class and Plaintiffs' Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Plaintiffs, the Settlement Class and Plaintiffs' Counsel.  With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Plaintiffs, the Settlement Class and Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542.   The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories or authorities in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and

- 8 -

all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against the Plaintiffs, the Settlement Class and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Settling Parties acknowledge, and the Releasing Plaintiff Parties (including, without limitation, each Member of the Settlement Class) and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue the Defendants and the other Released Persons, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Settlement.  This is called excluding yourself – or is sometimes referred to as "opting out."  If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.

| **11.** | **How do I get out of the Settlement Class and the proposed Settlement?** |
|---|---|

To exclude yourself from the Settlement Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Settlement Class in the *Graña y Montero Securities Settlement*."  Your letter must include your purchases or acquisitions of Graña y Montero ADS during the Class Period, including the dates, the number of Graña y Montero ADS purchased or acquired, and price paid for each such purchase or acquisition.  In addition, you must include your name, address, telephone number, and your signature.  You must submit your exclusion request so that it is **postmarked no later than _____, 2020** to:

*Graña y Montero Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
EXCLUSIONS
3301 Kerner Blvd.
San Rafael, CA  94901

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement.  You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Released Persons about the Released Claims in the future.

| 12. | **If I do not exclude myself, can I sue the Defendants and the other Released Persons for the same thing later?** |
|---|---|

No.  Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendants and the other Released Persons for any and all Released Claims.  If you have a pending lawsuit against the Released Persons, speak to your lawyer in that case immediately.  You must exclude yourself from the Settlement Class in this Litigation to continue your own lawsuit. Remember, the exclusion deadline is _____, 2020.

| 13. | **If I exclude myself, can I get money from the proposed Settlement?** |
|---|---|

No.  If you exclude yourself, you should not send in a Proof of Claim to ask for any money. But you may have the right to potentially sue or be part of a different lawsuit against the Defendants and the other Released Persons.

## THE LAWYERS REPRESENTING YOU

| 14. | **Do I have a lawyer in this case?** |
|---|---|

The Court ordered that the law firms of Robbins Geller Rudman & Dowd LLP and Holzer & Holzer, LLC represent the Settlement Class Members, including you.  These lawyers are called Lead Counsel.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| 15. | **How will the lawyers be paid?** |
|---|---|

Lead Counsel will apply to the Court for an award of attorneys' fees on behalf of all of Plaintiffs' Counsel, which means Lead Counsel, The Rosen Law Firm, P.A. and the Law Offices of Curtis V. Trinko, LLP, not to exceed twenty-five percent (25%) of the Settlement Amount and for expenses, costs and charges in an amount not to exceed $100,000 in connection with prosecuting the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund.  In addition, Plaintiffs may seek up to $10,000 in the aggregate for their time

- 10 -

and expenses incurred in representing the Settlement Class.  Such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

| 16. | How do I tell the Court that I object to the proposed Settlement? |
|-----|-------------------------------------------------------------------|

If you are a Settlement Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's fee and expense application. You can write to the Court setting out your comment or objection.  The Court will consider your views.  To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *Graña y Montero Securities Settlement*.  Include your name, address, telephone number, and your signature, identify the date(s), price(s), and number of Graña y Montero ADS you purchased, acquired, and sold during the Class Period, and state with specificity your comments or the reasons why you object to the proposed Settlement, Plan of Allocation and/or fee and expense application, including any legal support for such objection.  Any objection must state whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class.  You must also include copies of documents demonstrating such purchase(s), acquisition(s), and/or sale(s).  Your comments or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is ***received** **no later than _____, 2020:**

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|-------|--------------|----------------------|
| CLERK OF THE COURT UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK 225 Cadman Plaza East Brooklyn, NY  11201 | ROBBINS GELLER RUDMAN & DOWD LLP ELLEN GUSIKOFF STEWART 655 West Broadway, Suite 1900 San Diego, CA  92101 | SIMPSON THACHER & BARTLETT LLP GEORGE S. WANG 425 Lexington Avenue New York, NY  10017 |
| | HOLZER & HOLZER, LLC COREY D. HOLZER 1200 Ashwood Parkway, Suite 410 Atlanta, GA  30338 | GOODWIN PROCTER LLP DEREK A. COHEN 620 Eighth Avenue New York, NY  10018 |

| 17. | What is the difference between objecting and excluding? |
|-----|----------------------------------------------------------|

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Settlement Class.

- 11 -

Excluding yourself is telling the Court that you do not want to be paid and do not want to release any claims you think you may have against Defendants and their Related Parties.  If you exclude yourself, you cannot object to the Settlement because it does not affect you.

### THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement.  You may attend and you may ask to speak, but you do not have to.

| **18.** | **When and where will the Court decide whether to approve the proposed Settlement?** |
|---|---|

The Court will hold a Settlement Hearing at ___ _.m., on _____, **2020**, in the Courtroom of the Honorable LaShann DeArcy Hall, at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201.  At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate.  If there are objections, the Court will consider them, even if you do not ask to speak at the hearing.  The Court will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay to Lead Counsel and Plaintiffs.  After the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation.  We do not know how long these decisions will take.  You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Settlement Class Members.  If you want to attend the hearing, you should check with Lead Counsel or the Settlement website www.GranaSecuritiesSettlement.com beforehand to be sure that the date and/or time has not changed.

In addition, the recent outbreak of the Coronavirus (COVID-19) is a fluid situation that creates the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear at the hearing by phone, without further written notice to the Settlement Class.  **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.GranaSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing.  Any and all updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic appearances at the hearing, will be posted to the Settlement website, www.GranaSecuritiesSettlement.com.  Also, if the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by telephone, the phone number for accessing the telephone conference will be posted to the Settlement website, www.GranaSecuritiesSettlement.com.**

| **19.** | **Do I have to come to the hearing?** |
|---|---|

No.  Lead Counsel will answer questions the Court may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You

may also pay your own lawyer to attend, but it is not necessary. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 20. | May I speak at the hearing? |
|-----|------------------------------|

If you object to the Settlement, the Plan of Allocation, and/or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *Graña y Montero Securities Settlement*." Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Lead Counsel or Plaintiffs and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Your notice of intention to appear must be ***received* no later than _____, 2020**, and addressed to the Clerk of the Court, Lead Counsel, and Defendants' Counsel, at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Settlement Class.

## IF YOU DO NOTHING

| 21. | What happens if I do nothing? |
|-----|-------------------------------|

If you do nothing, you will not receive any money from this Settlement. In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants and their Related Parties about the Released Claims in this case.

## GETTING MORE INFORMATION

| 22. | How do I get more information? |
|-----|--------------------------------|

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-866-771-1373. Reference is also made to the Settlement Agreement, to the pleadings in support of the Settlement, to the Orders entered by the Court and to the other Settlement related papers filed in the Litigation, which are posted on the Settlement website at www.GranaSecuritiesSettlement.com, and which may be inspected at the Office of the Clerk of the United States District Court for the Eastern District of New York, during regular business hours. For a fee, all papers filed in this Litigation are available at www.pacer.gov.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG SETTLEMENT CLASS MEMBERS

The Settlement Amount of $20 million and any interest earned thereon is the "Settlement Fund." The Settlement Fund, less all taxes, tax expenses, notice and claims administration expenses, and approved fees and expenses (the "Net Settlement Fund") shall be distributed to Settlement Class Members who submit timely and valid Proof of Claim forms to the Claims

- 13 -

Administrator ("Authorized Claimants").  The Plan of Allocation provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you have an overall net loss on all of your transactions in Graña y Montero ADS during the Class Period.

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Settlement Class Members based on their respective alleged economic losses resulting from the securities law violations alleged in the Litigation.

The Claims Administrator shall determine each Settlement Class Member's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below.  A Recognized Loss will be calculated for each Graña y Montero ADS purchased or otherwise acquired during the Class Period.  The calculation of Recognized Loss will depend upon several factors, including when the Graña y Montero ADS was purchased or otherwise acquired and in what amounts, whether the shares were sold, and, if so, when they were sold and for what amounts.

The Recognized Loss is not intended to estimate the amount a Settlement Class Member may have been able to recover after a trial, nor to estimate the amount you will receive.  It is a formula for allocating the Net Settlement Fund among all Authorized Claimants.  The allocation below is based on the following inflation per share amounts for Class Period ADS purchases and sales as well as the statutory PSLRA 90 day-look back amount of $3.16.  Furthermore, if any of the formulas set forth below yield an amount less than $0.00, the claim per ADS shall be $0.00.

A "claim" will be calculated as follows:

| Inflation Period | Inflation per Share |
|---|---|
| July 24, 2013 – December 21, 2016 | $5.00 |
| December 22, 2016 – December 26, 2016 | $4.88 |
| December 27, 2016 | $4.67 |
| December 28, 2016 – December 29, 2016 | $4.53 |
| December 30, 2016 – January 2, 2017 | $4.51 |
| January 3, 2017 | $4.24 |
| January 4, 2017 | $4.04 |
| January 5, 2017 | $3.70 |
| January 6, 2017 – January 8, 2017 | $3.54 |
| January 9, 2017 | $3.18 |
| January 10, 2017 | $3.12 |
| January 11, 2017 | $2.38 |
| January 12, 2017 – February 23, 2017 | $1.77 |
| February 24, 2017 | $0.00 |

For Grana y Montero ADSs purchased or acquired on or between July 24, 2013 through and including February 24, 2017, the claim per ADS shall be as follows:

a)      If sold prior to December 22, 2016, the claim per ADS is $0.00.

b)      If sold on or between December 22, 2016 through and including February 24, 2017, the claim per ADS shall be the lessor of: (i) the inflation per ADS at the time of purchase less the inflation per ADS at the time of sale; and (ii) the difference between the purchase price and the selling price.

c)      If retained at the end of  February 24, 2017 and sold on or before May 26, 2017, the claim per ADS shall be the least of: (i) the inflation per ADS at the time of purchase; (ii) the difference between the purchase price and the selling price; and (iii) the difference between the purchase price and the average closing price up to the date of sale as set forth in the table below.

d)      If retained at the close of trading on May 26, 2017, or sold thereafter, the claim per ADS shall be the lesser of: (i) the inflation per ADS at the time of purchase; and (ii) the difference between the purchase price and $3.16.

| Date | Price | Average Closing Price |
|---|---|---|
| 2/27/2017 | $2.44 | $2.44 |
| 2/28/2017 | $2.90 | $2.67 |
| 3/1/2017 | $2.94 | $2.76 |
| 3/2/2017 | $2.94 | $2.81 |
| 3/3/2017 | $2.89 | $2.82 |
| 3/6/2017 | $2.78 | $2.82 |
| 3/7/2017 | $2.59 | $2.78 |
| 3/8/2017 | $2.56 | $2.76 |
| 3/9/2017 | $2.56 | $2.73 |
| 3/10/2017 | $2.61 | $2.72 |
| 3/13/2017 | $2.46 | $2.70 |
| 3/14/2017 | $2.29 | $2.66 |
| 3/15/2017 | $2.18 | $2.63 |
| 3/16/2017 | $2.19 | $2.60 |
| 3/17/2017 | $2.20 | $2.57 |
| 3/20/2017 | $2.17 | $2.54 |
| 3/21/2017 | $2.19 | $2.52 |
| 3/22/2017 | $2.20 | $2.51 |
| 3/23/2017 | $2.26 | $2.49 |
| 3/24/2017 | $2.58 | $2.50 |
| 3/27/2017 | $2.68 | $2.51 |
| 3/28/2017 | $3.02 | $2.53 |
| 3/29/2017 | $3.03 | $2.55 |
| 3/30/2017 | $3.02 | $2.57 |
| 3/31/2017 | $3.13 | $2.59 |
| 4/3/2017 | $3.44 | $2.62 |

- 15 -

| Date | Price | Average Closing Price |
|------|-------|-----------------------|
| 4/4/2017 | $3.66 | $2.66 |
| 4/5/2017 | $3.70 | $2.70 |
| 4/6/2017 | $4.21 | $2.75 |
| 4/7/2017 | $4.50 | $2.81 |
| 4/10/2017 | $4.03 | $2.85 |
| 4/11/2017 | $4.18 | $2.89 |
| 4/12/2017 | $4.03 | $2.93 |
| 4/13/2017 | $3.90 | $2.95 |
| 4/17/2017 | $3.92 | $2.98 |
| 4/18/2017 | $3.94 | $3.01 |
| 4/19/2017 | $3.96 | $3.03 |
| 4/20/2017 | $3.92 | $3.06 |
| 4/21/2017 | $3.84 | $3.08 |
| 4/24/2017 | $3.80 | $3.10 |
| 4/25/2017 | $3.65 | $3.11 |
| 4/26/2017 | $3.54 | $3.12 |
| 4/27/2017 | $3.30 | $3.12 |
| 4/28/2017 | $3.37 | $3.13 |
| 5/1/2017 | $3.53 | $3.14 |
| 5/2/2017 | $3.36 | $3.14 |
| 5/3/2017 | $3.25 | $3.15 |
| 5/4/2017 | $3.17 | $3.15 |
| 5/5/2017 | $3.22 | $3.15 |
| 5/8/2017 | $3.23 | $3.15 |
| 5/9/2017 | $3.18 | $3.15 |
| 5/10/2017 | $3.14 | $3.15 |
| 5/11/2017 | $3.44 | $3.16 |
| 5/12/2017 | $3.63 | $3.16 |
| 5/15/2017 | $3.65 | $3.17 |
| 5/16/2017 | $3.20 | $3.17 |
| 5/17/2017 | $2.98 | $3.17 |
| 5/18/2017 | $2.91 | $3.17 |
| 5/19/2017 | $3.16 | $3.17 |
| 5/22/2017 | $3.13 | $3.16 |
| 5/23/2017 | $3.17 | $3.16 |
| 5/24/2017 | $3.13 | $3.16 |
| 5/25/2017 | $3.10 | $3.16 |
| 5/26/2017 | $3.11 | $3.16 |

- 16 -

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date.

For Settlement Class Members who held Graña y Montero ADS at the beginning of the Class Period or made multiple purchases, acquisitions, or sales during the Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases, acquisitions, and sales for purposes of calculating a claim. Under the FIFO method, sales of Graña y Montero ADS during the Class Period will be matched, in chronological order, first against Graña y Montero ADS held at the beginning of the Class Period. The remaining sales of ADS during the Class Period will then be matched, in chronological order, against ADS purchased or acquired during the Class Period.

A Settlement Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Settlement Class Member had a net overall loss, after all profits from transactions in all Graña y Montero ADS described above during the Class Period are subtracted from all losses. However, the proceeds from sales of Graña y Montero ADS that have been matched against Graña y Montero ADS held at the beginning of the Class Period will not be used in the calculation of such net loss. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

A purchase, acquisition or sale of Graña y Montero ADS shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. All purchase, acquisition and sale prices shall exclude any fees and commissions. The receipt or grant by gift, devise, or operation of law of Graña y Montero ADS during the Class Period shall not be deemed a purchase, acquisition or sale of Graña y Montero ADS for the calculation of a claimant's recognized claim nor shall it be deemed an assignment of any claim relating to the purchase or acquisition of such ADS unless specifically provided in the instrument of gift or assignment. The receipt of Graña y Montero ADS during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase, acquisition or sale of Graña y Montero ADS.

With respect to Graña y Montero ADS purchased or sold through the exercise of an option, the purchase/sale of the Graña y Montero ADS is the exercise date of the option and the purchase/sale price of the Graña y Montero ADS is the exercise price of the option. Any recognized claim arising from the purchase of Graña y Montero ADS acquired during the Class Period through the exercise of an option on Graña y Montero ADS shall be computed as provided for other purchases of Graña y Montero ADS in the Plan of Allocation.

Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved. If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Settlement Class Members. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to any appropriate non-sectarian, non-profit charitable organization(s) serving the public interest.

4848-6622-4567.v3

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims administration process, to decide the issue by submitting a written request.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Settlement Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. Defendants, their respective counsel, and all other Released Persons will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, or other Person designated by Lead Counsel, Defendants, or Defendants' Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. All Settlement Class Members who fail to complete and submit a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

### SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or acquired Graña y Montero ADS during the Class Period for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased or acquired such Graña y Montero ADS during such time period, or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within ten (10) days mail the Notice and Proof of Claim form directly to the beneficial owners of the Graña y Montero ADS referred to herein. If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the names and addresses for any future mailings to Settlement Class Members. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Your reasonable expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator at notifications@gilardi.com:

*Graña y Montero Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 43302
Providence, RI 02940-3302

DATED: _____    _____
                                    BY ORDER OF THE COURT
                                    UNITED STATES DISTRICT COURT
                                    EASTERN DISTRICT OF NEW YORK

- 18 -

4848-6622-4567.v3

# EXHIBIT A-2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ─────────────────────── x | | |
| In re GRAÑA Y MONTERO S.A.A. | : | Civil Action No. 2:17-cv-01105-LDH-ST |
| SECURITIES LITIGATION | : | |
| ─────────────────────── | : | CLASS ACTION |
| | : | |
| This Document Relates To: | : | PROOF OF CLAIM AND RELEASE |
| | : | |
| ALL ACTIONS. | : | EXHIBIT A-2 |
| ─────────────────────── x | : | |

## I.      GENERAL INSTRUCTIONS

1.      To recover as a Member of the Settlement Class based on your claims in the action entitled *In re Graña y Montero S.A.A. Securities Litigation*, No. 2:17-cv-01105-LDH-ST (the "Litigation"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release form ("Proof of Claim").  If you fail to submit a timely and properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.      Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Litigation.

3.      **YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN _____, 2020, ADDRESSED AS FOLLOWS**:

> *Graña y Montero Securities Settlement*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 43302
> Providence, RI  02940-3302
> Online Submissions:  www.GrañaSecuritiesSettlement.com

If you are NOT a Member of the Settlement Class, as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim.

4.      If you did not timely request exclusion and are a Settlement Class Member, you will be bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

## II.     CLAIMANT IDENTIFICATION

If you purchased or acquired Graña y Montero S.A.A. ("Graña y Montero") American Depository Shares ("ADS") and held the certificate(s) in your name, you are the beneficial

- 1 -

4818-3420-1783.v3

purchaser or acquirer as well as the record purchaser or acquirer.  If, however, you purchased or acquired Graña y Montero ADS and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser or acquirer and the third party is the record purchaser or acquirer.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser or acquirer of record ("nominee"), if different from the beneficial purchaser or acquirer of the Graña y Montero ADS that forms the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF GRAÑA Y MONTERO ADS UPON WHICH THIS CLAIM IS BASED.

All joint purchasers or acquirers must sign this claim.  Executors, administrators, guardians, conservators, and trustees or others acting in a representative capacity on behalf of a Settlement Class Member must complete and sign this claim on behalf of persons represented by them, and submit evidence of their current authority to act on behalf of that Settlement Class Member, including that your titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.   CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Graña y Montero ADS" to supply all required details of your transaction(s) in Graña y Montero ADS.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

- 2 -

On the schedules, provide all of the requested information with respect to *all* of your purchases or acquisitions and *all* of your sales of Graña y Montero ADS which took place during the period July 24, 2013 through and including May 26, 2017, whether such transactions resulted in a profit or a loss.  You must also provide all of the requested information with respect to *all* of the Graña y Montero ADS you held at the close of trading on July 23, 2013, February 24, 2017, and May 26, 2017.  Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of Graña y Montero ADS.  The date of a "short sale" is deemed to be the date of sale of Graña y Montero ADS.

For each transaction, copies of broker confirmations or other documentation of your transactions in Graña y Montero ADS should be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  This is different from the online submission process that is available at www.GrañaSecuritiesSettlement.com.  All claimants *must* submit a manually signed paper Proof of Claim whether or not they also submit electronic copies. If you have a large number of transactions and wish to file your claim electronically, you must contact the Claims Administrator at edata@gilardi.com to obtain the required file layout.

- 3 -

UNITED STATES DISTRICT COURT

EASTER DISTRICT OF NEW YORK

*In re Graña y Montero S.A.A Securities Litigation*,

Civil Action No. 2:17-cv-01105-LDH-ST

PROOF OF CLAIM AND RELEASE

**Must Be Postmarked or Received No Later Than:**

**_____, 2020**

<u>Please Type or Print</u>

PART I:          CLAIMANT IDENTIFICATION

_____

Beneficial Owner's Name (First, Middle, Last)

_____

Street Address

_____       _____

City                                                                State or Province

_____       _____

Zip Code or Postal Code                             Country

_____   _____       Individual

Last Four Digits of Social Security Number or   _____       Corporation/Other
Entire Taxpayer Identification Number

_____   _____

Area Code               Telephone Number (work)

_____   _____

Area Code               Telephone Number (home)

_____

Record Owner's Name (if different from beneficial owner listed above)

- 4 -

PART II:     SCHEDULE OF TRANSACTIONS IN GRAÑA Y MONTERO ADS

A.     Number of Graña y Montero ADS held at the close of trading on July 23, 2013: _____

B.     Purchases or acquisitions of Graña y Montero ADS (July 24, 2013 – May 26, 2017, inclusive):

| Trade Date Month Day Year | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

**IMPORTANT:**     (i)     If any purchase listed covered a "short sale," please mark Yes.   ☐ Yes

(ii)     If you received shares through an acquisition or merger, please identify the date, the share amount, and the company acquired:

☐☐/☐☐/☐☐☐☐
MM DD  YYYY  _____ _____
                              Merger Shares                Company

C.     Sales of Graña y Montero ADS (July 24, 2013 – May 26, 2017, inclusive):

| Trade Date Month Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

D.     Number of Graña y Montero ADS held at the close of trading on February 24, 2017: _____

E.     Number of Graña y Montero ADS held at the close of trading on May 26, 2017: _____

4818-3420-1783.v3

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE __.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

On behalf of myself (ourselves) and each of my (our) heirs, agents, executors, trustees, administrators, predecessors, successors and assigns, I (we) submit this Proof of Claim under the terms of the Stipulation and Agreement of Settlement described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Eastern District of New York with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation.  I (We) agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other Graña y Montero securities) if requested to do so.  I (We) have not submitted any other claim covering the same purchases, acquisitions, or sales of Graña y Montero ADS during the Class Period and know of no other person having done so on my (our) behalf.

**V.    RELEASE**

1.    Upon the Effective Date of the Settlement, I (we) acknowledge full and complete satisfaction of, and fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the "Released Persons," defined as each and all of the Defendants, Defendants' Counsel, and their Related Parties.  "Related Parties" means each Defendant, regardless of whether they have been served, and their current and former parent, entities, business

- 6 -

units, business divisions, affiliates or subsidiaries and each and all of their current and former officers, directors, attorneys, employees, agents, trustees, parents, affiliates, subsidiaries, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, insurers, engineers, advisors, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, and each of their successors, predecessors, assigns, and assignees, and any of the Individual Defendants' immediate family members.

2.     "Released Claims" means any and all claims, demands, losses, rights, and causes of action of any nature whatsoever that Plaintiffs or any other Member of the Settlement Class (i) asserted in the Litigation or could have been asserted or could in the future be asserted in any forum, whether known or unknown, whether foreign or domestic, whether arising under federal, state, common, or foreign law, whether based on statements or omissions made directly to individual persons or broadly to the market, to Plaintiffs, any Member of the Settlement Class, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, whether individual, class, direct, derivative, representative, on behalf of others, legal, equitable, regulatory, governmental, or of any other type or in any other capacity, whether brought directly or indirectly against any of the Defendants, that arise out of or are based upon or related in any way in part or in whole to any of the allegations, acts, facts, transactions, statements, events, matters, occurrences, representations or omissions involved, set forth or referred to in any complaint filed in the Litigation or in any other action that has been or may be filed by a Member of the Settlement Class arising from related facts, events, occurrences or transactions, and (ii) that relate in any way directly or indirectly in whole or in part to the purchase or acquisition of Graña ADS during the Class Period.  "Released Claims" includes "Unknown Claims" as defined below.

- 7 -

3.      "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Settlement Class; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Plaintiffs, the Settlement Class and Plaintiffs' Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Plaintiffs, the Settlement Class and Plaintiffs' Counsel.  With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Plaintiffs, the Settlement Class and Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of

- 8 -

the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories or authorities in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against the Plaintiffs, the Settlement Class and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore

- 9 -

have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties (including, without limitation, each Member of the Settlement Class) and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

4.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

5.      I (We) hereby warrant and represent that I (we) have included the information requested about all of my (our) transactions in Graña y Montero ADS which are the subject of this claim, which occurred during the Class Period, as well as the opening and closing positions in such ADS held by me (us) on the dates requested in this claim form.

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim by the undersigned is true and correct.

Executed this _____ day of _____, in _____,
                              (Month/Year)                              (City)

_____.
          (State/Country)


_____
(Sign your name here)

- 10 -

_____

(Type or print your name here)

_____

(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser or Acquirer, Executor
or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and acknowledgment.

2. If this claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. **Do not send** originals of certificates.

5. Keep a copy of your claim form and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

7. If you move, please send your new address to the address below.

8. **Do not use red pen or highlighter** on the Proof of Claim or supporting documentation.

**THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR MAILED NO LATER THAN _____, 2020, ADDRESSED AS FOLLOWS:**

*Graña y Montero Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 43302
Providence, RI  02940-3302
www.GranaSecuritiesSettlement.com

4818-3420-1783.v3

# EXHIBIT A-3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | x | |
| In re GRAÑA Y MONTERO S.A.A. SECURITIES LITIGATION | : | Civil Action No. 2:17-cv-01105-LDH-ST |
| | : | |
| | : | CLASS ACTION |
| | : | |
| This Document Relates To: | : | SUMMARY NOTICE OF PROPOSED |
| | : | SETTLEMENT OF CLASS ACTION |
| ALL ACTIONS. | : | |
| | : | EXHIBIT A-3 |
| | x | |

**TO:   ALL PERSONS AND ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED GRAÑA Y MONTERO S.A.A. ("GRAÑA Y MONTERO") AMERICAN DEPOSITORY SHARES ("ADS") DURING THE PERIOD FROM JULY 24, 2013 THROUGH FEBRUARY 24, 2017, INCLUSIVE ("SETTLEMENT CLASS" OR "SETTLEMENT CLASS MEMBERS")**

**THIS NOTICE WAS AUTHORIZED BY THE COURT.   IT IS NOT A LAWYER SOLICITATION.   PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

YOU ARE HEREBY NOTIFIED that a hearing will be held on _____, 2020, at __:__ _.m., before the Honorable LaShann DeArcy Hall at the United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11202, to determine whether: (1) the proposed settlement (the "Settlement") of the above-captioned action as set forth in the Stipulation and Agreement of Settlement ("Stipulation")[1] for $20,000,000 in cash should be approved by the Court as fair, reasonable and adequate; (2) the Judgment as provided under the Stipulation should be entered dismissing the Litigation with prejudice; (3) to award Plaintiffs' Counsel attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), which is discussed below) and, if so, in what amount; (4) to pay Plaintiffs for their costs and expenses in representing the Settlement Class out of the Settlement Fund and, if so, in what amount; and (5) the Plan of Allocation should be approved by the Court as fair, reasonable and adequate.

In addition, the recent outbreak of the Coronavirus (COVID-19) is a fluid situation that creates the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear at the hearing by phone, without further written notice to the Settlement Class.  In order to determine whether the

---

[1]       The Stipulation can be viewed and/or obtained at www.GranaSecuritiesSettlement.com.

- 1 -

date and time of the Settlement Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.GranaSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing.  Any and all updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic appearances at the hearing, will be posted to the Settlement website, www.GranaSecuritiesSettlement.com.  Also, if the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by telephone, the phone number for accessing the telephone conference will be posted to the Settlement website, www.GranaSecuritiesSettlement.com.

IF YOU PURCHASED OR ACQUIRED GRAÑA Y MONTERO ADS FROM JULY 24, 2013 THROUGH FEBRUARY 27, 2017, INCLUSIVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.

To share in the distribution of the Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form ("Proof of Claim") by mail **(postmarked no later than _____, 2020)** or electronically **(no later than _____, 2020)**.  Your failure to submit your Proof of Claim by _____, 2020, will subject your claim to rejection and preclude your receiving any of the recovery in connection with the Settlement of this Litigation.  If you purchased or acquired Graña y Montero ADS from July 24, 2013 through February 24, 2017, inclusive, and do not request exclusion from the Settlement Class, you will be bound by the Settlement and any judgment and release entered in the Litigation, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim.

If you have not received a copy of the Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement), and a

Proof of Claim, you may obtain these documents, as well as a copy of the Stipulation (which, among other things, contains definitions for the defined terms used in this Summary Notice) and other settlement documents, online at www.GranaSecuritiesSettlement.com, or by writing to:

*Graña Securities Settlement*
c/o Gilardi & Co. LLC
P.O. Box 43302
Providence, RI  02940-3302

Inquiries should NOT be directed to Defendants, the Court, or the Clerk of the Court.

Inquiries, other than requests for the Notice or for a Proof of Claim, may be made to Lead Counsel:

ROBBINS GELLER RUDMAN & DOWD LLP
Ellen Gusikoff Stewart
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 800/449-4900

HOLZER & HOLZER, LLC
Corey D. Holzer
1200 Ashwood Parkway, Suite 410
Atlanta, GA  30338
Telephone:  770/392-0090

IF YOU DESIRE TO BE EXCLUDED FROM THE SETTLEMENT CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS **POSTMARKED BY _____, 2020**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE. ALL SETTLEMENT CLASS MEMBERS WILL BE BOUND BY THE SETTLEMENT EVEN IF THEY DO NOT SUBMIT A TIMELY PROOF OF CLAIM.

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY PLAINTIFFS' COUNSEL FOR AN AWARD OF ATTORNEYS' FEES NOT TO EXCEED 25% OF THE $20,000,000 SETTLEMENT AMOUNT AND EXPENSES NOT TO EXCEED

- 3 -

$100,000, AND/OR THE PAYMENT TO PLAINTIFFS FOR THEIR COSTS AND EXPENSES

NOT TO EXCEED $10,000 IN THE AGGREGATE.  ANY OBJECTIONS MUST BE FILED

WITH THE COURT AND SENT TO LEAD COUNSEL AND DEFENDANTS' COUNSEL **BY**

**_____, 2020**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.

DATED: _____          BY ORDER OF THE COURT
                                  UNITED STATES DISTRICT COURT
                                  EASTERN DISTRICT OF NEW YORK

- 4 -

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | x | |
| In re GRAÑA Y MONTERO S.A.A. SECURITIES LITIGATION | : : : | Civil Action No. 2:17-cv-01105-LDH-ST |
| | : | CLASS ACTION |
| | : | |
| This Document Relates To: | : : | [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |
| ALL ACTIONS. | : : | |
| | x | EXHIBIT B |

This matter came before the Court pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order") dated _____, 2020, on the application of the parties for approval of the Settlement set forth in the Stipulation of Settlement dated July 2, 2020 (the "Stipulation").  Due and adequate notice having been given to the Settlement Class as required in said Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.      This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Settlement Class.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Notice Order and finally certifies, for purposes of settlement only, a Settlement Class defined as:  all Persons who purchased or otherwise acquired Graña y Montero ADS from July 24, 2013 through February 24, 2017, inclusive (the "Class Period").  Excluded from the Settlement Class are:  Defendants, members of their immediate families, the officers and directors and affiliates of Graña y Montero during the Class Period, and the legal representatives, heirs, successors or assigns of any of the foregoing, as well as any entity in which any Defendant or group of Defendants have or had during the Class Period a controlling interest.

4.      Also excluded from the Settlement Class is any Person who would otherwise be a Member of the Settlement Class but who validly and timely requested exclusion in accordance with the requirements set by the Court.

- 1 -

5.      The Court finds that: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Settlement Class are impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual question; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and their counsel have fairly and adequately represented and protected the Members of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of the Members of the Settlement Class individually controlling the prosecution with separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

6.      Pursuant to Federal Rule of Civil Procedure 23, the Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of the claims asserted against Defendants in the Litigation) and finds that:

(a)      said Stipulation and the Settlement contained therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Settlement Class;

(b)      there was no collusion in connection with the Stipulation;

(c)      the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d)      the record is sufficiently developed and complete to have enabled Plaintiffs and Defendants to have adequately evaluated and considered their positions.

- 2 -

7.      Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Settlement Class, the Court hereby dismisses the Litigation and all claims asserted therein with prejudice.  The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

8.      Upon the Effective Date, and as provided in the Stipulation, Plaintiffs shall, and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) against the Released Defendant Parties, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release form or shares in the Net Settlement Fund.  Claims to enforce the terms of the Stipulation or any order of the Court in the Litigation are not released.

9.      Upon the Effective Date, and as provided in the Stipulation, all Settlement Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any of the Released Claims against any of the Released Defendant Parties.

10.     Upon the Effective Date, and as provided in the Stipulation, each of the Released Defendant Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims (including Unknown Claims) against the Plaintiffs, each and all of the Settlement Class Members,

- 3 -

and Plaintiffs' Counsel.  Claims to enforce the terms of the Stipulation or any order of the Court in the Litigation are not released.

11.     The Notice of Pendency and Proposed Settlement of Class Action given to the Settlement Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Settlement Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.  No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon.  The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed.  Thus, the Court hereby determines that all Members of the Settlement Class are bound by this Judgment.

12.     Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

13.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is, or may be deemed to be, or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Defendant Parties or their respective

- 4 -

Related Parties, or (b) is, or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendant Parties or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Released Defendant Parties and/or their respective Related Parties may file the Stipulation and/or this Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Litigation; and (d) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

15.     The Court finds and concludes that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 in connection with the institution, prosecution, defense, and settlement of the Litigation.

16.     The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Proof of Claim and Release form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

17.     Without further action by anyone, upon the Effective Date of the Settlement, the Court permanently bars, enjoins, and restrains any person or entity from commencing, prosecuting,

- 5 -

or asserting any Barred Claims against any of the Released Defendant Parties, whether as claims, cross-claims, counterclaims, third-party claims, or otherwise, and whether asserted in the Litigation or any other proceeding, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere.  For purposes of this paragraph, "Barred Claims" means (i) any claim for contribution or indemnity (whether by contract, by operation of law or equitable principles, or based on any other source) arising out of or related to the claims or allegations asserted by Plaintiffs in the Litigation, or (ii) any other claim of any type, whether arising under state, federal, common, or foreign law, for which the injury claimed is that person's or entity's actual or threatened liability to Plaintiffs and/or Members of the Settlement Class, provided that Barred Claims shall not include claims that arise out of or relate to a cause of action that has been or may be asserted by any person or entity that submits a request for exclusion from the Settlement Class that is accepted by the Court.

18.     Any final verdict or judgment obtained by or on behalf of the Settlement Class or a Settlement Class Member against any person or entity subject to the Bar Order based upon, arising out of, relating to, or in connection with in any way in part or in whole any Released Claim shall be reduced by the greater of:  (a) an amount that corresponds to the percentage of responsibility of Defendants for common damages; or (b) the amount paid by or on behalf of Defendants to the Settlement Class or Settlement Class Member for common damages.

19.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall

be null and void to the extent provided by and in accordance with the Stipulation, and the Settling Parties shall revert to their respective positions in the Litigation as of February 10, 2020, as provided in the Stipulation.

20.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.  The Settling Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that:  (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.

21.     The Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.


DATED: _____                 _____
                                        The Honorable LaShann DeArcy Hall
                                        United States District Judge

- 7 -

**CERTIFICATE OF SERVICE**

I, David A. Rosenfeld, hereby certify that on July 2, 2020, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

s/ David A. Rosenfeld
DAVID A. ROSENFELD