UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————— x

In re GRAÑA Y MONTERO S.A.A.    :   Civil Action No. 2:17-cv-01105-LDH-ST
SECURITIES LITIGATION    :

————————————————————   :   CLASS ACTION

  :

This Document Relates To:    :   ORDER PRELIMINARILY APPROVING
  :   SETTLEMENT
ALL ACTIONS.    :   AND PROVIDING FOR NOTICE

———————————————————— x

WHEREAS, an action is pending before this Court entitled *In re Graña y Montero S.A.A. Securities Litigation*, No. 2:17-cv-01105-LDH-ST (E.D.N.Y.) (the "Litigation");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation of Settlement dated July 2, 2020 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto;

WHEREAS, the Court preliminarily finds that:

(a)     the Settlement resulted from informed, extensive arm's-length negotiations between experienced counsel, including mediation under the direction of an experienced mediator, Gregory Lindstrom, Esq. of Phillips ADR Enterprises;

(b)     the proposed Settlement eliminates risks to the Settling Parties of continued litigation;

(c)     the Settlement does not provide undue preferential treatment to Plaintiffs or to segments of the Settlement Class;

(d)     the Settlement does not provide excessive compensation to counsel for Plaintiffs; and

(e)     the Settlement appears to fall within the range of possible approval and is therefore sufficiently fair, reasonable and adequate to warrant providing notice of the Settlement to the Settlement Class; and

- 1 -

WHEREAS, unless otherwise defined, all capitalized terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Court hereby preliminarily approves the Settlement set forth in the Stipulation, subject to further consideration at the Settlement Hearing described below.

2.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, the Litigation is hereby preliminarily certified as a class action on behalf of all Persons who purchased or otherwise acquired Graña y Montero ADS from July 24, 2013 through February 24, 2017, inclusive.   Excluded from the Settlement Class are: Defendants, members of their immediate families, the officers and directors and affiliates of Graña y Montero during the Class Period, and the legal representatives, heirs, successors or assigns of any of the foregoing, as well as any entity in which any Defendant or group of Defendants have or had during the Class Period a controlling interest.

3.      Also excluded from the Settlement Class is any Person who would otherwise be a Member of the Settlement Class but who validly and timely requests exclusion in accordance with the requirements set by the Court.

4.      The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Members of the Settlement Class

- 2 -

predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Litigation.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff Treasure Finance Holding Corp. and plaintiff Marcia Goldberg are preliminarily certified as Class Representatives and Lead Counsel Robbins Geller Rudman & Dowd LLP and Holzer & Holzer, LLC are preliminarily certified as Settlement Class Counsel.

6.      The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; and (iv) warranting notice of the proposed Settlement to Settlement Class Members and further consideration of the Settlement at the Settlement Hearing described below.

7.      A hearing (the "Settlement Hearing") shall be held before this Court on December 1, 2020, at 2:00 p.m., at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201 to determine: (a) whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (b) whether a Judgment, as provided in ¶1.12 of the Stipulation, should be entered; (c) whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; (d) the amount of fees and expenses that should be awarded to Lead Counsel and Plaintiffs; and (e) any such other matters as the Court may deem appropriate. Notice of the Settlement and the Settlement Hearing shall be given to the Settlement Class Members as set forth in ¶8 of this Order. The Court may adjourn the Settlement

- 3 -

Hearing or decide to hold the Settlement Hearing telephonically without further notice to the Members of the Settlement Class, and may approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Settlement Class.

8.    The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice of Proposed Settlement of Class Action (the "Summary Notice") annexed hereto as Exhibits 1, 2, and 3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶10 of this Order, meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

9.    All fees, costs, and expenses incurred in identifying and notifying potential Settlement Class Members shall be paid from the Net Settlement Fund as set forth in the Stipulation, and in no event shall any of the Released Persons bear any responsibility for such fees, costs, or expenses.  Notwithstanding the foregoing, Graña y Montero shall be responsible for the costs and expenses of providing to Lead Counsel and/or the Claims Administrator (defined below) reasonably available pertinent transfer records for purposes of mailing notice to the Settlement Class pursuant to ¶3.2 of the Stipulation.

10.    The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)     Graña y Montero shall provide to the Claims Administrator, at no cost to Plaintiffs or the Settlement Class, within ten (10) business days after the Court signs this Order, reasonably available transfer records in electronic searchable form, such as Excel, containing the names and addresses of Persons who purchased or otherwise acquired Graña y Montero ADS during the Class Period;

(b)     Not later than September 15, 2020 (the "Notice Date"), the Claims Administrator shall commence mailing the Notice and Proof of Claim, substantially in the forms annexed hereto, by First-Class Mail to all potential Settlement Class Members who can be identified with reasonable effort and post the Notice and Proof of Claim on the website established for this Litigation: www. GranaSecuritiesSettlement.com;

(c)     Not later than September 22, 2020, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service; and

(d)     At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

11.     Nominees who purchased or acquired Graña y Montero ADS during the Class Period for the beneficial ownership of potential Settlement Class Members shall send the Notice and the Proof of Claim to all such beneficial owners of Graña y Montero ADS within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.  Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees

solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are potential Settlement Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

12.     Settlement Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Settlement Class, whether or not such Settlement Class Members submit Proofs of Claim or otherwise seek or obtain by any means any distribution from the Net Settlement Fund.

13.     Settlement Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than January 13, 2021.  Any Settlement Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered.  Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby, but will incur no liability for exercising or refusing to exercise such discretion.

14.     Any Settlement Class Member may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of their own choice.  Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

- 6 -

15.     Any Member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice.  Any such Person must submit to the Claims Administrator a signed request for exclusion ("Request for Exclusion") such that it is postmarked no later than November 10, 2020.  A Request for Exclusion must state: (i) the name, address, and telephone number of the Person requesting exclusion; (ii) a list identifying the number of ADS and date of each purchase or acquisition of Graña y Montero ADS and the price paid for any purchase or acquisition of Graña y Montero ADS from July 24, 2013 through February 24, 2017, inclusive; and (iii) that the Person wishes to be excluded from the Settlement Class.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or any final Judgment.  Unless otherwise ordered by the Court, any Person who purchased or otherwise acquired Graña y Montero ADS during the Class Period who fails to timely request exclusion from the Settlement Class in compliance with this paragraph shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class, and shall be barred from requesting exclusion from the Settlement Class in this or any other proceeding.

16.     Lead Counsel or the Claims Administrator shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, promptly upon receipt and as expeditiously as possible, and in any event, on a rolling basis within five (5) business days of receipt and not less than fourteen (14) calendar days prior to the Settlement Hearing.

17.     Any Settlement Class Member who or which does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of

Allocation, and/or Lead Counsel's motion for attorneys' fees and litigation expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to Lead Counsel, or why costs and expenses should not be awarded to Plaintiffs; provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below, delivered by hand or sent by First-Class Mail such that they are received, not simply postmarked, on or before November 10, 2020, by Robbins Geller Rudman & Dowd LLP, Ellen Gusikoff Stewart, 655 West Broadway, Suite 1900, San Diego, CA 92101; Holzer & Holzer, LLC, Corey D. Holzer, 1200 Ashwood Parkway, Suite 410, Atlanta, GA  30338; Simpson Thacher & Bartlett LLP, George S. Wang, 425 Lexington Avenue, New York, NY  10017; and Goodwin Procter LLP, Derek A. Cohen, 620 Eighth Avenue, New York, NY  10018.  Any Settlement Class Member who does not make his, her, or its objection in the manner provided herein and in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel or expenses of Plaintiffs, unless otherwise ordered by the Court.  Attendance at the Settlement Hearing is not necessary.  However, Persons wishing to be heard orally in opposition to approval of the Settlement, the Plan of Allocation, and/or the award of attorneys' fees and expenses to Lead Counsel are required to indicate in their written objection their intention to appear at the Settlement Hearing.  Settlement Class Members do not

- 8 -

need to appear at the Settlement Hearing or take any action if they do not oppose any aspect of the Settlement.

18.     Any objections, filings, and other submissions by an objecting Settlement Class Member must: (i) state the name, address, and telephone number of the Person objecting and must be signed by the objector; (ii) state with specificity the grounds for the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; (iii) include documents sufficient to prove membership in the Settlement Class, including the objecting Settlement Class Member's purchases, acquisitions, and sales of Graña y Montero ADS during the Class Period, including the dates, the number of Graña y Montero ADS purchased, acquired, or sold, and price paid or received for each such purchase, acquisition, or sale; and (iv) state whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.  Objectors who intend to appear at the Settlement Hearing through counsel must also identify that counsel by name, address and telephone number.  Any Member of the Settlement Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, and to the award of attorneys' fees and expenses to Plaintiffs' Counsel and to any award of costs and expenses to Plaintiffs, unless otherwise ordered by the Court.

19.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

20.     Lead Counsel shall file and serve all opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses by October 27, 2020.  Replies to any objections shall be filed and served by November 24, 2020.

21.     Neither the Defendants and their Related Parties nor Defendants' Counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or expenses of Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment and the settlement of the Litigation.

22.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

23.     All reasonable expenses incurred in identifying and notifying potential Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶2.11 or 2.13 of the Stipulation.

24.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants as to the validity of any claims or as to the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

25.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

26.     If the Stipulation and the Settlement set forth therein is not approved or consummated for any reason whatsoever, this Order shall be rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation.  This Order, the Stipulation, and the Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante* as of February 10, 2020.

27.     Unless otherwise ordered by the Court, all proceedings in the Litigation are stayed, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation or other agreement of the Settling Parties.  Pending final determination of whether the proposed Settlement should be approved, the Court bars and enjoins Plaintiffs, including Lead Plaintiff and any other Settlement Class Member, directly or indirectly, representatively, or in any other capacity, from commencing or prosecuting against any of the Released Defendant Parties, any action or proceeding in any court or tribunal asserting any of the Released Claims.

28.     Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation (or any other plan of allocation that may

- 11 -

be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Litigation or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendant Parties or in any way referred to for any other reason as against any of the Released Defendant Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (b) shall be construed against any of the Released Defendant Parties as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court, the Settling Parties and their Related Parties and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

SO ORDERED.

Dated: Brooklyn, New York  
     August 18, 2020

/s/ LDH_____  
LASHANN DEARCY HALL  
United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ────────────────────────── x | | |
| In re GRAÑA Y MONTERO S.A.A. | : | Civil Action No. 2:17-cv-01105-LDH-ST |
| SECURITIES LITIGATION | : | |
| ────────────────────────── | : | CLASS ACTION |
| | : | |
| This Document Relates To: | : | NOTICE OF PENDENCY AND PROPOSED |
| | : | SETTLEMENT OF CLASS ACTION |
| ALL ACTIONS. | : | |
| | : | EXHIBIT A-1 |
| ────────────────────────── x | | |

**TO:     ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED AMERICAN DEPOSITORY SHARES ("ADS") OF GRAÑA Y MONTERO S.A.A. ("GRAÑA Y MONTERO" OR THE "COMPANY") DURING THE PERIOD FROM JULY 24, 2013 THROUGH FEBRUARY 24, 2017, INCLUSIVE, AND ARE NOT OTHERWISE EXCLUDED FROM THE SETTLEMENT CLASS**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION.  PLEASE NOTE THAT IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE JANUARY 13, 2021**.

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of New York (the "Court").  The purpose of this Notice is to inform you of the pendency of this class action (the "Litigation") between Lead Plaintiff Treasure Finance Holding Corp. and plaintiff Marcia Goldberg ("Plaintiffs") and Defendants Graña y Montero and Monica Miloslavich Hart ("Defendants") and the proposed $20,000,000 settlement reached therein (the "Settlement") and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement as well as counsel's application for fees and expenses.  This Notice describes what steps you may take in relation to the Settlement and this class action.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants.  This Notice is solely to advise you of the proposed Settlement of the Litigation and of your rights in connection therewith.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM FORM** | The only way to be eligible to receive a payment from the Settlement.  **Proof of Claim forms must be postmarked or submitted online on or before January 13, 2021.** |
| **EXCLUDE YOURSELF** | Get no payment.  This is the only option that *potentially* allows you to ever be part of any other lawsuit against the Defendants or any other Released Persons about the legal claims being resolved by this Settlement.  Should you elect to exclude yourself from the Settlement Class you should understand that Defendants and the other Released Defendant Parties will have the right to assert any |

---

[1]     All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation and Agreement of Settlement dated July 2, 2020 (the "Settlement Agreement" or "Stipulation"), which is available on the website www.GranaSecuritiesSettlement.com.

- 1 -

|  | and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose.  **Exclusions must be postmarked on or before November 10, 2020.** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses.  You will still be a Member of the Settlement Class. **Objections must be *received* by the Court and counsel on or before _November 10, 2020.   If you submit a written objection, you may (but do not have to) attend the hearing.** |
| **GO TO THE HEARING ON DECEMBER 1, 2020** | Ask to speak in Court about the fairness of the Settlement. **Requests to speak must be *received* by the Court and counsel on or before November 10, 2020.** |
| **DO NOTHING** | Receive no payment.  You will, however, still be a Member of the Settlement Class, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

## SUMMARY OF THIS NOTICE

**Statement of Settlement Class Recovery**

Pursuant to the Settlement described herein, a $20 million settlement has been established. Based on Plaintiffs' estimate of the number of Graña y Montero ADS eligible to recover under the Settlement, the average distribution per ADS under the Plan of Allocation is approximately $0.60 before deduction of any taxes on the income earned on the Settlement Amount thereof, notice and administration costs, and the attorneys' fees and expenses as determined by the Court.  **Settlement Class Members should note, however, that these are only estimates.**  A Settlement Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claims as compared to the total claims of all Settlement Class Members who submit acceptable Proofs of Claim.  An individual Settlement Class Member may receive more or less than this estimated average amount.  *See* Plan of Allocation set forth and discussed at pages ___ below for more information on the calculation of your claim.

**Statement of Potential Outcome of Case**

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Settlement Class prevailed on each claim alleged. Defendants deny that they are liable to the Settlement Class and deny that the Settlement Class has suffered any damages.  The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Settlement Class under the federal securities laws, or any other laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the prices of Graña y Montero ADS were allegedly artificially inflated (if at all) during the Class

- 2 -

Period; (4) the amount, if any, by which the prices of Graña y Montero ADS were allegedly artificially inflated (if at all) during the Class Period; (5) the effect of various market forces on the prices of Graña y Montero ADS at various times during the Class Period; (6) the extent to which external factors influenced the prices of Graña y Montero ADS at various times during the Class Period; (7) the extent to which the various matters that Plaintiffs alleged were materially false or misleading influenced (if at all) the prices of Graña y Montero ADS at various times during the Class Period; and (8) the extent to which the various allegedly adverse material facts that Plaintiffs alleged were omitted influenced (if at all) the prices of Graña y Montero ADS at various times during the Class Period.

**Statement of Attorneys' Fees and Expenses Sought**

Since the action's inception, Plaintiffs' Counsel have expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and have advanced the expenses of the Litigation in the expectation that if they were successful in obtaining a recovery for the Settlement Class, they would be paid from such recovery. Lead Counsel will apply to the Court for an award of attorneys' fees on behalf of Plaintiffs' Counsel not to exceed twenty-five percent (25%) of the Settlement Amount, plus expenses not to exceed $100,000, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. In addition, Plaintiffs may seek payment for their time and expenses incurred in representing the Settlement Class in an amount not to exceed $10,000 in the aggregate. If the amounts requested are approved by the Court, the average cost per Graña y Montero ADS will be approximately $0.15.

**Further Information**

For further information regarding the Litigation, this Notice or to review the Stipulation, please contact the Claims Administrator toll-free at 1-866-771-1373, or visit the website www.GranaSecuritiesSettlement.com.

You may also contact a representative of counsel for the Settlement Class: Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, www.rgrdlaw.com, or Corey D. Holzer, Holzer & Holzer LLC, 1200 Ashwood Parkway, Suite 410, Atlanta, GA 30338, 1-770-392-0090, holzerlaw.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

**Reasons for the Settlement**

Plaintiffs' principal reason for entering into the Settlement is the benefit to the Settlement Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. For the Defendants, who have denied and continue to deny, all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in complex cases such as this Litigation. Defendants have concluded that further conduct of this Litigation could be protracted and distracting.

# BASIC INFORMATION

| 1. | **Why did I get this Notice package?** |
|---|---|

This Notice was sent to you pursuant to an Order of a U.S. District Court because you or someone in your family or an investment account for which you serve as custodian may have purchased or otherwise acquired Graña y Montero ADS during the period from July 24, 2013 through and including February 24, 2017 (the "Class Period").

This Notice explains the class action lawsuit, the Settlement, Settlement Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Litigation is the United States District Court for the Eastern District of New York, and the case is known as *In re Graña y Montero S.A.A. Securities Litigation*, No. 2:17-cv-01105-LDH-ST. The case has been assigned to the Honorable LaShann DeArcy Hall. The entity and individual representing the Settlement Class are the Plaintiffs, and the company and individuals they sued and who have now settled are called the Defendants.

| 2. | **What is this lawsuit about?** |
|---|---|

Plaintiffs' Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"), filed on May 29, 2018, alleged that Defendants violated §§10(b) and 20(a) of the Securities Exchange Act of 1934. More specifically, Plaintiffs alleged that during the Class Period, Defendants made materially false and misleading statements and/or failed to disclose adverse information regarding Graña y Montero's business and the source of its revenues, including that between 2005 and 2014, Graña y Montero generated millions of dollars in revenues from various construction and real estate contracts which had been procured through the payment of bribes, by a company with which one of Graña y Montero's subsidiaries was part of a consortium. Plaintiffs alleged that as a result of these false and misleading statements or omissions, Graña y Montero was able to sell $475 million worth of ADS in an initial public offering, and trade at artificially inflated prices until the disclosure of adverse facts.

On July 12, 2018, Plaintiffs moved to serve the Individual Defendants through alternative means. On July 30, 2018, Graña y Montero moved to dismiss the Complaint. Plaintiffs filed their opposition to the motion to dismiss and a motion to strike certain of Graña y Montero's exhibits on September 26, 2018, and Graña y Montero filed its reply brief on October 26, 2018. On January 9, 2019, Magistrate Judge Lindsay issued a Report and Recommendation Granting in Part and Denying in Part Plaintiffs' Motion for Alternative Service on the Individual Defendants. On May 10, 2019, Plaintiffs filed their second amended complaint. On June 7, 2019, Graña y Montero and Hart filed motions to dismiss. Only July 22, 2019, Plaintiffs filed their oppositions to the motions to dismiss. On August 12, 2019, Graña y Montero and Hart filed replies in further support of their motions. Those motions remain pending.

On November 19, 2019, counsel for Graña y Montero, Hart and Plaintiffs participated in an in-person mediation session with Gregory Lindstrom, Esq. of Phillips ADR Enterprises, an experienced mediator. The mediation was preceded by submission of mediation statements by the

mediating parties. The Settling Parties engaged in arm's-length negotiations during the mediation session, and reached an agreement-in-principle to resolve the Litigation, subject to insurer approval. The agreement included, among other things, the Settling Parties' agreement to settle the Litigation in return for a cash payment of $20,000,000 for the benefit of the Settlement Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court. The Stipulation (together with the Exhibits thereto) reflects the final and binding agreement between the Settling Parties.

Defendants deny each and all of the claims and contentions of wrongdoing alleged by Plaintiffs in the Litigation. Defendants contend that they did not make any materially false or misleading statements, that they disclosed all material information required to be disclosed by the federal securities laws, and that any alleged misstatements or omissions were not made with the requisite intent or knowledge of wrongdoing. Defendants also contend that any losses allegedly suffered by Members of the Settlement Class were not caused by any allegedly false or misleading statements by them and/or were caused by intervening events. Defendants also maintain that they have meritorious defenses to all claims that were raised or could have been raised in the Litigation.

| 3. | Why is there a settlement? |
| --- | --- |

The Court has not decided in favor of Defendants or of the Plaintiffs. Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Plaintiffs agreed to the Settlement in order to ensure that Settlement Class Members will receive compensation.

## WHO IS IN THE SETTLEMENT

| 4. | How do I know if I am a Member of the Settlement Class? |
| --- | --- |

The Court directed that everyone who fits this description is a Settlement Class Member: all Persons who purchased or otherwise acquired Graña y Montero ADS during the period from July 24, 2013, through and including February 24, 2017, except those Persons and entities that are excluded.

Excluded from the Settlement Class are: Defendants, members of their immediate families, the officers and directors and affiliates of Graña y Montero during the Class Period, and the legal representatives, heirs, successors or assigns of any of the foregoing, as well as any entity in which any Defendant or group of Defendants have or had a controlling interest. Also excluded from the Settlement Class are those Persons who timely and validly exclude themselves therefrom by submitting a request for exclusion in accordance with the requirements set forth in question 11 below.

**Please Note**: Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked or submitted online on or before January 13, 2021.

| 5. | What if I am still not sure if I am included? |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at 1-866-771-1373, or you can fill out and return the Proof of Claim form enclosed with this Notice package, to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 6. | What does the Settlement provide? |
|---|---|

The Settlement provides that, in exchange for the release of the Released Claims (defined below) and dismissal of the Litigation, Defendants have agreed to pay (or cause to be paid) $20 million in cash to be distributed after taxes, tax expenses, notice and claims administration expenses, and approved fees and expenses, *pro rata*, to Settlement Class Members who send in a valid Proof of Claim form pursuant to the Court-approved Plan of Allocation. The Plan of Allocation is described in more detail at the end of this Notice.

| 7. | How much will my payment be? |
|---|---|

Your share of the Net Settlement Fund will depend on several things, including the total value of ADS represented by the valid Proof of Claim forms that Settlement Class Members send in, compared to the value of your claim, all as calculated under the Plan of Allocation discussed below.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

| 8. | How can I get a payment? |
|---|---|

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim form. A Proof of Claim form is enclosed with this Notice or it may be downloaded at www.GranaSecuritiesSettlement.com. Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail or submit it online so that it is postmarked or received no later than January 13, 2021**. The Proof of Claim form may be submitted online at www.GranaSecuritiesSettlement.com.

| 9. | When would I get my payment? |
|---|---|

**The Court will hold a Settlement Hearing on December 1, 2020, at 2:00 p.m.**, to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals. It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| 10. | What am I giving up to get a payment or to stay in the Settlement Class? |
|---|---|

Unless you timely and validly exclude yourself, you are staying in the Settlement Class, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants

or their Related Parties about the Released Claims (as defined below) in this case. It also means that all of the Court's orders will apply to you and legally bind you. If you remain a Settlement Class Member, and if the Settlement is approved, you will give up all "Released Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Persons" (as defined below):

- "Released Claims" means any and all claims, demands, losses, rights, and causes of action of any nature whatsoever that Plaintiffs or any other Member of the Settlement Class (i) asserted in the Litigation or could have been asserted or could in the future be asserted in any forum, whether known or unknown, whether foreign or domestic, whether arising under federal, state, common, or foreign law, whether based on statements or omissions made directly to individual persons or broadly to the market, to Plaintiffs, any Member of the Settlement Class, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, whether individual, class, direct, derivative, representative, on behalf of others, legal, equitable, regulatory, governmental, or of any other type or in any other capacity, whether brought directly or indirectly against any of the Defendants, that arise out of or are based upon or related in any way in part or in whole to any of the allegations, acts, facts, transactions, statements, events, matters, occurrences, representations or omissions involved, set forth or referred to in any complaint filed in the Litigation or in any other action that has been or may be filed by a Member of the Settlement Class arising from related facts, events, occurrences or transactions, and (ii) that relate in any way directly or indirectly in whole or in part to the purchase or acquisition of Graña y Montero ADS during the Class Period. "Released Claims" includes "Unknown Claims" as defined below.

- "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, against Plaintiffs, Plaintiffs' Counsel or any Settlement Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation, except for claims relating to (i) the enforcement of the Settlement; or (ii) any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

- "Released Persons" means each and all of the Defendants, Defendants' Counsel and their Related Parties.

- "Related Parties" means each Defendant, regardless of whether they have been served, and their current and former parent, entities, business units, business divisions, affiliates or subsidiaries and each and all of their current and former officers, directors, attorneys, employees, agents, trustees, parents, affiliates, subsidiaries, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, insurers, engineers, advisors, heirs, executors, trustees, general or limited partners or partnerships, personal representatives,

estates, administrators, and each of their successors, predecessors, assigns, and assignees, and any of the Individual Defendants' immediate family members.

- "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Settlement Class; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Plaintiffs, the Settlement Class and Plaintiffs' Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Plaintiffs, the Settlement Class and Plaintiffs' Counsel. With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Plaintiffs, the Settlement Class and Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories or authorities in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and

- 8 -

all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against the Plaintiffs, the Settlement Class and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Settling Parties acknowledge, and the Releasing Plaintiff Parties (including, without limitation, each Member of the Settlement Class) and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue the Defendants and the other Released Persons, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Settlement. This is called excluding yourself – or is sometimes referred to as "opting out."  If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.

| **11.** | **How do I get out of the Settlement Class and the proposed Settlement?** |
|---|---|

To exclude yourself from the Settlement Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Settlement Class in the *Graña y Montero Securities Settlement*."  Your letter must include your purchases or acquisitions of Graña y Montero ADS during the Class Period, including the dates, the number of Graña y Montero ADS purchased or acquired, and price paid for each such purchase or acquisition.  In addition, you must include your name, address, telephone number, and your signature.  You must submit your exclusion request so that it is **postmarked no later than November 10, 2020** to:

*Graña y Montero Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
EXCLUSIONS
3301 Kerner Blvd.
San Rafael, CA  94901

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement.  You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Released Persons about the Released Claims in the future.

| 12. | **If I do not exclude myself, can I sue the Defendants and the other Released Persons for the same thing later?** |
|---|---|

No.  Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendants and the other Released Persons for any and all Released Claims.  If you have a pending lawsuit against the Released Persons, speak to your lawyer in that case immediately.  You must exclude yourself from the Settlement Class in this Litigation to continue your own lawsuit.  Remember, the exclusion deadline is November 10, 2020.

| 13. | **If I exclude myself, can I get money from the proposed Settlement?** |
|---|---|

No.  If you exclude yourself, you should not send in a Proof of Claim to ask for any money.  But you may have the right to potentially sue or be part of a different lawsuit against the Defendants and the other Released Persons.

## THE LAWYERS REPRESENTING YOU

| 14. | **Do I have a lawyer in this case?** |
|---|---|

The Court ordered that the law firms of Robbins Geller Rudman & Dowd LLP and Holzer & Holzer, LLC represent the Settlement Class Members, including you.  These lawyers are called Lead Counsel.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| 15. | **How will the lawyers be paid?** |
|---|---|

Lead Counsel will apply to the Court for an award of attorneys' fees on behalf of all of Plaintiffs' Counsel, which means Lead Counsel, The Rosen Law Firm, P.A. and the Law Offices of Curtis V. Trinko, LLP, not to exceed twenty-five percent (25%) of the Settlement Amount and for expenses, costs and charges in an amount not to exceed $100,000 in connection with prosecuting the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund.  In addition, Plaintiffs may seek up to $10,000 in the aggregate for their time

and expenses incurred in representing the Settlement Class.  Such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

| **16.** | **How do I tell the Court that I object to the proposed Settlement?** |
|---|---|

If you are a Settlement Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's fee and expense application. You can write to the Court setting out your comment or objection.  The Court will consider your views.  To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *Graña y Montero Securities Settlement*.  Include your name, address, telephone number, and your signature, identify the date(s), price(s), and number of Graña y Montero ADS you purchased, acquired, and sold during the Class Period, and state with specificity your comments or the reasons why you object to the proposed Settlement, Plan of Allocation and/or fee and expense application, including any legal support for such objection.  Any objection must state whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class.  You must also include copies of documents demonstrating such purchase(s), acquisition(s), and/or sale(s).  Your comments or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is ***received* no later than November 10, 2020:**

| **COURT** | **LEAD COUNSEL** | **DEFENDANTS' COUNSEL** |
|---|---|---|
| CLERK OF THE COURT UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK 225 Cadman Plaza East Brooklyn, NY  11201 | ROBBINS GELLER RUDMAN & DOWD LLP ELLEN GUSIKOFF STEWART 655 West Broadway, Suite 1900 San Diego, CA  92101 | SIMPSON THACHER & BARTLETT LLP GEORGE S. WANG 425 Lexington Avenue New York, NY  10017 |
| | HOLZER & HOLZER, LLC COREY D. HOLZER 1200 Ashwood Parkway, Suite 410 Atlanta, GA  30338 | GOODWIN PROCTER LLP DEREK A. COHEN 620 Eighth Avenue New York, NY  10018 |

| **17.** | **What is the difference between objecting and excluding?** |
|---|---|

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Settlement Class.

Excluding yourself is telling the Court that you do not want to be paid and do not want to release any claims you think you may have against Defendants and their Related Parties.  If you exclude yourself, you cannot object to the Settlement because it does not affect you.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement.  You may attend and you may ask to speak, but you do not have to.

| **18.** | **When and where will the Court decide whether to approve the proposed Settlement?** |
|---|---|

The Court will hold a Settlement Hearing at **2:00 p.m., on December 1, 2020**, in the Courtroom of the Honorable LaShann DeArcy Hall, at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201.  At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate.  If there are objections, the Court will consider them, even if you do not ask to speak at the hearing.  The Court will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay to Lead Counsel and Plaintiffs.  After the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation.  We do not know how long these decisions will take.  You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Settlement Class Members.  If you want to attend the hearing, you should check with Lead Counsel or the Settlement website www.GranaSecuritiesSettlement.com beforehand to be sure that the date and/or time has not changed.

In addition, the recent outbreak of the Coronavirus (COVID-19) is a fluid situation that creates the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear at the hearing by phone, without further written notice to the Settlement Class.  **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.GranaSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing.  Any and all updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic appearances at the hearing, will be posted to the Settlement website, www.GranaSecuritiesSettlement.com.  Also, if the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by telephone, the phone number for accessing the telephone conference will be posted to the Settlement website, www.GranaSecuritiesSettlement.com.**

| **19.** | **Do I have to come to the hearing?** |
|---|---|

No.  Lead Counsel will answer questions the Court may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You

may also pay your own lawyer to attend, but it is not necessary.  Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 20. | **May I speak at the hearing?** |
|---|---|

If you object to the Settlement, the Plan of Allocation, and/or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *Graña y Montero Securities Settlement*."  Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Lead Counsel or Plaintiffs and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.  Your notice of intention to appear must be ***received* no later than November 10, 2020**, and addressed to the Clerk of the Court, Lead Counsel, and Defendants' Counsel, at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Settlement Class.

## IF YOU DO NOTHING

| 21. | **What happens if I do nothing?** |
|---|---|

If you do nothing, you will not receive any money from this Settlement.  In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants and their Related Parties about the Released Claims in this case.

## GETTING MORE INFORMATION

| 22. | **How do I get more information?** |
|---|---|

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-866-771-1373.  Reference is also made to the Settlement Agreement, to the pleadings in support of the Settlement, to the Orders entered by the Court and to the other Settlement related papers filed in the Litigation, which are posted on the Settlement website at www.GranaSecuritiesSettlement.com, and which may be inspected at the Office of the Clerk of the United States District Court for the Eastern District of New York, during regular business hours.  For a fee, all papers filed in this Litigation are available at www.pacer.gov.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG
## SETTLEMENT CLASS MEMBERS

The Settlement Amount of $20 million and any interest earned thereon is the "Settlement Fund."  The Settlement Fund, less all taxes, tax expenses, notice and claims administration expenses, and approved fees and expenses (the "Net Settlement Fund") shall be distributed to Settlement Class Members who submit timely and valid Proof of Claim forms to the Claims

Administrator ("Authorized Claimants"). The Plan of Allocation provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you have an overall net loss on all of your transactions in Graña y Montero ADS during the Class Period.

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Settlement Class Members based on their respective alleged economic losses resulting from the securities law violations alleged in the Litigation.

The Claims Administrator shall determine each Settlement Class Member's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below.  A Recognized Loss will be calculated for each Graña y Montero ADS purchased or otherwise acquired during the Class Period.  The calculation of Recognized Loss will depend upon several factors, including when the Graña y Montero ADS was purchased or otherwise acquired and in what amounts, whether the shares were sold, and, if so, when they were sold and for what amounts.

The Recognized Loss is not intended to estimate the amount a Settlement Class Member may have been able to recover after a trial, nor to estimate the amount you will receive.  It is a formula for allocating the Net Settlement Fund among all Authorized Claimants.  The allocation below is based on the following inflation per share amounts for Class Period ADS purchases and sales as well as the statutory PSLRA 90 day-look back amount of $3.16.  Furthermore, if any of the formulas set forth below yield an amount less than $0.00, the claim per ADS shall be $0.00.

A "claim" will be calculated as follows:

| Inflation Period | Inflation per Share |
| --- | --- |
| July 24, 2013 – December 21, 2016 | $5.00 |
| December 22, 2016 – December 26, 2016 | $4.88 |
| December 27, 2016 | $4.67 |
| December 28, 2016 – December 29, 2016 | $4.53 |
| December 30, 2016 – January 2, 2017 | $4.51 |
| January 3, 2017 | $4.24 |
| January 4, 2017 | $4.04 |
| January 5, 2017 | $3.70 |
| January 6, 2017 – January 8, 2017 | $3.54 |
| January 9, 2017 | $3.18 |
| January 10, 2017 | $3.12 |
| January 11, 2017 | $2.38 |
| January 12, 2017 – February 23, 2017 | $1.77 |
| February 24, 2017 | $0.00 |

For Grana y Montero ADSs purchased or acquired on or between July 24, 2013 through and including February 24, 2017, the claim per ADS shall be as follows:

a)      If sold prior to December 22, 2016, the claim per ADS is $0.00.

b)      If sold on or between December 22, 2016 through and including February 24, 2017, the claim per ADS shall be the lessor of: (i) the inflation per ADS at the time of purchase less the inflation per ADS at the time of sale; and (ii) the difference between the purchase price and the selling price.

c)      If retained at the end of  February 24, 2017 and sold on or before May 26, 2017, the claim per ADS shall be the least of: (i) the inflation per ADS at the time of purchase; (ii) the difference between the purchase price and the selling price; and (iii) the difference between the purchase price and the average closing price up to the date of sale as set forth in the table below.

d)      If retained at the close of trading on May 26, 2017, or sold thereafter, the claim per ADS shall be the lesser of: (i) the inflation per ADS at the time of purchase; and (ii) the difference between the purchase price and $3.16.

| Date | Price | Average Closing Price |
|---|---|---|
| 2/27/2017 | $2.44 | $2.44 |
| 2/28/2017 | $2.90 | $2.67 |
| 3/1/2017 | $2.94 | $2.76 |
| 3/2/2017 | $2.94 | $2.81 |
| 3/3/2017 | $2.89 | $2.82 |
| 3/6/2017 | $2.78 | $2.82 |
| 3/7/2017 | $2.59 | $2.78 |
| 3/8/2017 | $2.56 | $2.76 |
| 3/9/2017 | $2.56 | $2.73 |
| 3/10/2017 | $2.61 | $2.72 |
| 3/13/2017 | $2.46 | $2.70 |
| 3/14/2017 | $2.29 | $2.66 |
| 3/15/2017 | $2.18 | $2.63 |
| 3/16/2017 | $2.19 | $2.60 |
| 3/17/2017 | $2.20 | $2.57 |
| 3/20/2017 | $2.17 | $2.54 |
| 3/21/2017 | $2.19 | $2.52 |
| 3/22/2017 | $2.20 | $2.51 |
| 3/23/2017 | $2.26 | $2.49 |
| 3/24/2017 | $2.58 | $2.50 |
| 3/27/2017 | $2.68 | $2.51 |
| 3/28/2017 | $3.02 | $2.53 |
| 3/29/2017 | $3.03 | $2.55 |
| 3/30/2017 | $3.02 | $2.57 |
| 3/31/2017 | $3.13 | $2.59 |
| 4/3/2017 | $3.44 | $2.62 |

| Date | Price | Average Closing Price |
|------|-------|-----------------------|
| 4/4/2017 | $3.66 | $2.66 |
| 4/5/2017 | $3.70 | $2.70 |
| 4/6/2017 | $4.21 | $2.75 |
| 4/7/2017 | $4.50 | $2.81 |
| 4/10/2017 | $4.03 | $2.85 |
| 4/11/2017 | $4.18 | $2.89 |
| 4/12/2017 | $4.03 | $2.93 |
| 4/13/2017 | $3.90 | $2.95 |
| 4/17/2017 | $3.92 | $2.98 |
| 4/18/2017 | $3.94 | $3.01 |
| 4/19/2017 | $3.96 | $3.03 |
| 4/20/2017 | $3.92 | $3.06 |
| 4/21/2017 | $3.84 | $3.08 |
| 4/24/2017 | $3.80 | $3.10 |
| 4/25/2017 | $3.65 | $3.11 |
| 4/26/2017 | $3.54 | $3.12 |
| 4/27/2017 | $3.30 | $3.12 |
| 4/28/2017 | $3.37 | $3.13 |
| 5/1/2017 | $3.53 | $3.14 |
| 5/2/2017 | $3.36 | $3.14 |
| 5/3/2017 | $3.25 | $3.15 |
| 5/4/2017 | $3.17 | $3.15 |
| 5/5/2017 | $3.22 | $3.15 |
| 5/8/2017 | $3.23 | $3.15 |
| 5/9/2017 | $3.18 | $3.15 |
| 5/10/2017 | $3.14 | $3.15 |
| 5/11/2017 | $3.44 | $3.16 |
| 5/12/2017 | $3.63 | $3.16 |
| 5/15/2017 | $3.65 | $3.17 |
| 5/16/2017 | $3.20 | $3.17 |
| 5/17/2017 | $2.98 | $3.17 |
| 5/18/2017 | $2.91 | $3.17 |
| 5/19/2017 | $3.16 | $3.17 |
| 5/22/2017 | $3.13 | $3.16 |
| 5/23/2017 | $3.17 | $3.16 |
| 5/24/2017 | $3.13 | $3.16 |
| 5/25/2017 | $3.10 | $3.16 |
| 5/26/2017 | $3.11 | $3.16 |

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date.

For Settlement Class Members who held Graña y Montero ADS at the beginning of the Class Period or made multiple purchases, acquisitions, or sales during the Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases, acquisitions, and sales for purposes of calculating a claim. Under the FIFO method, sales of Graña y Montero ADS during the Class Period will be matched, in chronological order, first against Graña y Montero ADS held at the beginning of the Class Period. The remaining sales of ADS during the Class Period will then be matched, in chronological order, against ADS purchased or acquired during the Class Period.

A Settlement Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Settlement Class Member had a net overall loss, after all profits from transactions in all Graña y Montero ADS described above during the Class Period are subtracted from all losses. However, the proceeds from sales of Graña y Montero ADS that have been matched against Graña y Montero ADS held at the beginning of the Class Period will not be used in the calculation of such net loss. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

A purchase, acquisition or sale of Graña y Montero ADS shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. All purchase, acquisition and sale prices shall exclude any fees and commissions. The receipt or grant by gift, devise, or operation of law of Graña y Montero ADS during the Class Period shall not be deemed a purchase, acquisition or sale of Graña y Montero ADS for the calculation of a claimant's recognized claim nor shall it be deemed an assignment of any claim relating to the purchase or acquisition of such ADS unless specifically provided in the instrument of gift or assignment. The receipt of Graña y Montero ADS during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase, acquisition or sale of Graña y Montero ADS.

With respect to Graña y Montero ADS purchased or sold through the exercise of an option, the purchase/sale of the Graña y Montero ADS is the exercise date of the option and the purchase/sale price of the Graña y Montero ADS is the exercise price of the option. Any recognized claim arising from the purchase of Graña y Montero ADS acquired during the Class Period through the exercise of an option on Graña y Montero ADS shall be computed as provided for other purchases of Graña y Montero ADS in the Plan of Allocation.

Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved. If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Settlement Class Members. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to any appropriate non-sectarian, non-profit charitable organization(s) serving the public interest.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims administration process, to decide the issue by submitting a written request.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Settlement Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. Defendants, their respective counsel, and all other Released Persons will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, or other Person designated by Lead Counsel, Defendants, or Defendants' Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. All Settlement Class Members who fail to complete and submit a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

### SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or acquired Graña y Montero ADS during the Class Period for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased or acquired such Graña y Montero ADS during such time period, or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within ten (10) days mail the Notice and Proof of Claim form directly to the beneficial owners of the Graña y Montero ADS referred to herein. If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the names and addresses for any future mailings to Settlement Class Members. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Your reasonable expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator at notifications@gilardi.com:

*Graña y Montero Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 43302
Providence, RI  02940-3302

DATED: _____   _____
BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- 18 -

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | x | |
| In re GRAÑA Y MONTERO S.A.A. SECURITIES LITIGATION | : | Civil Action No. 2:17-cv-01105-LDH-ST |
| | : | |
| | : | CLASS ACTION |
| | : | |
| This Document Relates To: | : | PROOF OF CLAIM AND RELEASE |
| | : | |
| ALL ACTIONS. | : | EXHIBIT A-2 |
| | : | |
| | x | |

## I.      GENERAL INSTRUCTIONS

1.      To recover as a Member of the Settlement Class based on your claims in the action entitled *In re Graña y Montero S.A.A. Securities Litigation*, No. 2:17-cv-01105-LDH-ST (the "Litigation"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release form ("Proof of Claim").  If you fail to submit a timely and properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.      Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Litigation.

3.      **YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN JANUARY 13, 2021, ADDRESSED AS FOLLOWS**:

> *Graña y Montero Securities Settlement*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 43302
> Providence, RI  02940-3302
> Online Submissions:  www.GrañaSecuritiesSettlement.com

If you are NOT a Member of the Settlement Class, as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim.

4.      If you did not timely request exclusion and are a Settlement Class Member, you will be bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

## II.    CLAIMANT IDENTIFICATION

If you purchased or acquired Graña y Montero S.A.A. ("Graña y Montero") American Depository Shares ("ADS") and held the certificate(s) in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer.  If, however, you purchased or acquired Graña y Montero ADS and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser or acquirer and the third party is the record purchaser or acquirer.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser or acquirer of record ("nominee"), if different from the beneficial purchaser or acquirer of the Graña y Montero ADS that forms the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF GRAÑA Y MONTERO ADS UPON WHICH THIS CLAIM IS BASED.

All joint purchasers or acquirers must sign this claim.  Executors, administrators, guardians, conservators, and trustees or others acting in a representative capacity on behalf of a Settlement Class Member must complete and sign this claim on behalf of persons represented by them, and submit evidence of their current authority to act on behalf of that Settlement Class Member, including that your titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

- 2 -

III.     **CLAIM FORM**

Use Part II of this form entitled "Schedule of Transactions in Graña y Montero ADS" to supply all required details of your transaction(s) in Graña y Montero ADS.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to ***all*** of your purchases or acquisitions and ***all*** of your sales of Graña y Montero ADS which took place during the period July 24, 2013 through and including May 26, 2017, whether such transactions resulted in a profit or a loss.  You must also provide all of the requested information with respect to ***all*** of the Graña y Montero ADS you held at the close of trading on July 23, 2013, February 24, 2017, and May 26, 2017.  Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of Graña y Montero ADS.  The date of a "short sale" is deemed to be the date of sale of Graña y Montero ADS.

For each transaction, copies of broker confirmations or other documentation of your transactions in Graña y Montero ADS should be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  This is different from the online submission process that is available at www.GrañaSecuritiesSettlement.com.  All claimants ***must*** submit a manually signed paper Proof of Claim whether or not they also submit electronic copies. If you have a large number of

- 3 -

transactions and wish to file your claim electronically, you must contact the Claims Administrator

at edata@gilardi.com to obtain the required file layout.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

*In re Graña y Montero S.A.A Securities Litigation*,

Civil Action No. 2:17-cv-01105-LDH-ST

PROOF OF CLAIM AND RELEASE

**Must Be Postmarked or Received No Later Than:**

**January 13, 2021**

<u>Please Type or Print</u>

PART I:        CLAIMANT IDENTIFICATION

_____

Beneficial Owner's Name (First, Middle, Last)

_____

Street Address

_____        _____

City                                                                State or Province

_____        _____

Zip Code or Postal Code                                Country

_____    _____        Individual

Last Four Digits of Social Security Number or    _____        Corporation/Other

Entire Taxpayer Identification Number

_____    _____

Area Code                Telephone Number (work)

_____    _____

Area Code                Telephone Number (home)

_____

Record Owner's Name (if different from beneficial owner listed above)

- 5 -

PART II:        SCHEDULE OF TRANSACTIONS IN GRAÑA Y MONTERO ADS

A.      Number of Graña y Montero ADS held at the close of trading on July 23, 2013:
_____

B.      Purchases or acquisitions of Graña y Montero ADS (July 24, 2013 – May 26, 2017, inclusive):

| Trade Date Month Day Year | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

**IMPORTANT:**      (i)     If any purchase listed covered a "short sale," please mark Yes.   ☐ Yes

(ii)    If you received shares through an acquisition or merger, please identify the date, the share amount, and the company acquired:

☐☐/☐☐/☐☐☐☐
MM DD  YYYY   _____ _____
                              Merger Shares                      Company

C.      Sales of Graña y Montero ADS (July 24, 2013 – May 26, 2017, inclusive):

| Trade Date Month Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

D.      Number of Graña y Montero ADS held at the close of trading on February 24, 2017:
_____

E.      Number of Graña y Montero ADS held at the close of trading on May 26, 2017:
_____

- 6 -

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE \_\_. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

## IV.   SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

On behalf of myself (ourselves) and each of my (our) heirs, agents, executors, trustees, administrators, predecessors, successors and assigns, I (we) submit this Proof of Claim under the terms of the Stipulation and Agreement of Settlement described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Eastern District of New York with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other Graña y Montero securities) if requested to do so. I (We) have not submitted any other claim covering the same purchases, acquisitions, or sales of Graña y Montero ADS during the Class Period and know of no other person having done so on my (our) behalf.

## V.   RELEASE

1.     Upon the Effective Date of the Settlement, I (we) acknowledge full and complete satisfaction of, and fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the "Released Persons," defined as each and all of the Defendants, Defendants' Counsel, and their Related Parties. "Related Parties" means each Defendant, regardless of whether they have been served, and their current and former parent, entities, business

- 7 -

units, business divisions, affiliates or subsidiaries and each and all of their current and former officers, directors, attorneys, employees, agents, trustees, parents, affiliates, subsidiaries, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, insurers, engineers, advisors, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, and each of their successors, predecessors, assigns, and assignees, and any of the Individual Defendants' immediate family members.

2.       "Released Claims" means any and all claims, demands, losses, rights, and causes of action of any nature whatsoever that Plaintiffs or any other Member of the Settlement Class (i) asserted in the Litigation or could have been asserted or could in the future be asserted in any forum, whether known or unknown, whether foreign or domestic, whether arising under federal, state, common, or foreign law, whether based on statements or omissions made directly to individual persons or broadly to the market, to Plaintiffs, any Member of the Settlement Class, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, whether individual, class, direct, derivative, representative, on behalf of others, legal, equitable, regulatory, governmental, or of any other type or in any other capacity, whether brought directly or indirectly against any of the Defendants, that arise out of or are based upon or related in any way in part or in whole to any of the allegations, acts, facts, transactions, statements, events, matters, occurrences, representations or omissions involved, set forth or referred to in any complaint filed in the Litigation or in any other action that has been or may be filed by a Member of the Settlement Class arising from related facts, events, occurrences or transactions, and (ii) that relate in any way directly or indirectly in whole or in part to the purchase or acquisition of Graña ADS during the Class Period.  "Released Claims" includes "Unknown Claims" as defined below.

3.     "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Settlement Class; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Plaintiffs, the Settlement Class and Plaintiffs' Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Plaintiffs, the Settlement Class and Plaintiffs' Counsel.  With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Plaintiffs, the Settlement Class and Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of

the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories or authorities in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against the Plaintiffs, the Settlement Class and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore

- 10 -

have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Settling Parties acknowledge, and the Releasing Plaintiff Parties (including, without limitation, each Member of the Settlement Class) and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

4.     I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

5.     I (We) hereby warrant and represent that I (we) have included the information requested about all of my (our) transactions in Graña y Montero ADS which are the subject of this claim, which occurred during the Class Period, as well as the opening and closing positions in such ADS held by me (us) on the dates requested in this claim form.

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim by the undersigned is true and correct.

Executed this _____ day of _____, in _____,
                                              (Month/Year)                          (City)

_____.
           (State/Country)


_____
(Sign your name here)

- 11 -

_____
(Type or print your name here)



_____
(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser or Acquirer, Executor
or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and acknowledgment.

2. If this claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. **Do not send** originals of certificates.

5. Keep a copy of your claim form and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

7. If you move, please send your new address to the address below.

8. **Do not use red pen or highlighter** on the Proof of Claim or supporting documentation.

**THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR MAILED NO LATER**
**THAN JANUARY 13, 2021, ADDRESSED AS FOLLOWS:**

*Graña y Montero Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 43302
Providence, RI  02940-3302
www.GranaSecuritiesSettlement.com

- 12 -

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| In re GRAÑA Y MONTERO S.A.A. SECURITIES LITIGATION | : | Civil Action No. 2:17-cv-01105-LDH-ST |
| | : | |
| | : | CLASS ACTION |
| | : | |
| This Document Relates To: | : | SUMMARY NOTICE OF PROPOSED |
| | : | SETTLEMENT OF CLASS ACTION |
| ALL ACTIONS. | : | |
| | : | EXHIBIT A-3 |

**TO:    ALL PERSONS AND ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED GRAÑA Y MONTERO S.A.A. ("GRAÑA Y MONTERO") AMERICAN DEPOSITORY SHARES ("ADS") DURING THE PERIOD FROM JULY 24, 2013 THROUGH FEBRUARY 24, 2017, INCLUSIVE ("SETTLEMENT CLASS" OR "SETTLEMENT CLASS MEMBERS")**

**THIS NOTICE WAS AUTHORIZED BY THE COURT.   IT IS NOT A LAWYER SOLICITATION.   PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

YOU ARE HEREBY NOTIFIED that a hearing will be held on December 1, 2020, at 2:00 p.m., before the Honorable LaShann DeArcy Hall at the United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11202, to determine whether: (1) the proposed settlement (the "Settlement") of the above-captioned action as set forth in the Stipulation and Agreement of Settlement ("Stipulation")[1] for $20,000,000 in cash should be approved by the Court as fair, reasonable and adequate; (2) the Judgment as provided under the Stipulation should be entered dismissing the Litigation with prejudice; (3) to award Plaintiffs' Counsel attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), which is discussed below) and, if so, in what amount; (4) to pay Plaintiffs for their costs and expenses in representing the Settlement Class out of the Settlement Fund and, if so, in what amount; and (5) the Plan of Allocation should be approved by the Court as fair, reasonable and adequate.

In addition, the recent outbreak of the Coronavirus (COVID-19) is a fluid situation that creates the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear at the hearing by phone, without further written notice to the Settlement Class.  In order to determine whether the

---

[1]    The Stipulation can be viewed and/or obtained at www.GranaSecuritiesSettlement.com.

date and time of the Settlement Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.GranaSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Any and all updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic appearances at the hearing, will be posted to the Settlement website, www.GranaSecuritiesSettlement.com. Also, if the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by telephone, the phone number for accessing the telephone conference will be posted to the Settlement website, www.GranaSecuritiesSettlement.com.

IF YOU PURCHASED OR ACQUIRED GRAÑA Y MONTERO ADS FROM JULY 24, 2013 THROUGH FEBRUARY 27, 2017, INCLUSIVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.

To share in the distribution of the Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form ("Proof of Claim") by mail **(postmarked no later than January 13, 2021)** or electronically **(no later than January 13, 2021)**. Your failure to submit your Proof of Claim by January 13, 2021, will subject your claim to rejection and preclude your receiving any of the recovery in connection with the Settlement of this Litigation. If you purchased or acquired Graña y Montero ADS from July 24, 2013 through February 24, 2017, inclusive, and do not request exclusion from the Settlement Class, you will be bound by the Settlement and any judgment and release entered in the Litigation, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim.

If you have not received a copy of the Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement), and a

- 2 -

Proof of Claim, you may obtain these documents, as well as a copy of the Stipulation (which,

among other things, contains definitions for the defined terms used in this Summary Notice) and

other settlement documents, online at www.GranaSecuritiesSettlement.com, or by writing to:

*Graña Securities Settlement*
c/o Gilardi & Co. LLC
P.O. Box 43302
Providence, RI  02940-3302

Inquiries should NOT be directed to Defendants, the Court, or the Clerk of the Court.

Inquiries, other than requests for the Notice or for a Proof of Claim, may be made to Lead

Counsel:

ROBBINS GELLER RUDMAN & DOWD LLP
Ellen Gusikoff Stewart
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 800/449-4900

HOLZER & HOLZER, LLC
Corey D. Holzer
1200 Ashwood Parkway, Suite 410
Atlanta, GA  30338
Telephone:  770/392-0090

IF YOU DESIRE TO BE EXCLUDED FROM THE SETTLEMENT CLASS, YOU

MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS **POSTMARKED BY**

**NOVEMBER 10, 2020**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.  ALL

SETTLEMENT CLASS MEMBERS WILL BE BOUND BY THE SETTLEMENT EVEN IF

THEY DO NOT SUBMIT A TIMELY PROOF OF CLAIM.

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU HAVE THE RIGHT TO

OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY

PLAINTIFFS' COUNSEL FOR AN AWARD OF ATTORNEYS' FEES NOT TO EXCEED 25%

OF THE $20,000,000 SETTLEMENT AMOUNT AND EXPENSES NOT TO EXCEED

- 3 -

$100,000, AND/OR THE PAYMENT TO PLAINTIFFS FOR THEIR COSTS AND EXPENSES NOT TO EXCEED $10,000 IN THE AGGREGATE.  ANY OBJECTIONS MUST BE FILED WITH THE COURT AND SENT TO LEAD COUNSEL AND DEFENDANTS' COUNSEL **BY NOVEMBER 10, 2020**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.

DATED: _____          BY ORDER OF THE COURT
                                      UNITED STATES DISTRICT COURT
                                      EASTERN DISTRICT OF NEW YORK