**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

In re GRAÑA Y MONTERO S.A.A. SECURITIES
LITIGATION

**REPORT AND**
**RECOMMENDATION**

-----------------------------------------------------------                17-CV-01105 (LDH) (ST)

This document relates to:
ALL ACTIONS
-----------------------------------------------------------X

**TISCIONE, United States Magistrate Judge:**

This is the consolidation of two actions seeking relief under the Securities Exchange Act

of 1934 (the "Exchange Act") on behalf of all purchasers of Graña y Montero S.A.A. ("Graña")[1]

American Depository Shares ("ADSs") from July 24, 2013 through February 24, 2017. *See* 2d

Consolidated Am. Compl., ECF No. 86; *see also* Order, No. 17-cv-1105 (E.D.N.Y. Mar. 5,

2018), ECF No. 16,17.  On September 14, 2021, the District Court adopted the Report and

Recommendation of this Court, approved the parties' Stipulation and Agreement of Settlement

(the "Settlement Agreement"), and directed the Clerk of Court to enter Judgement ("the

Judgement") and close the case. *See In re Grana Y Montero S.A.A. Sec. Litig.,* No. 17-CV-01105

(LDH)(ST), 2021 WL 4173684 (E.D.N.Y. Aug. 13, 2021), *report and recommendation adopted*

*sub nom.* No. 17-CV-1105 (LDH)(ST), 2021 WL 4173170 (E.D.N.Y. Sept. 14, 2021); *see* Entry

of J., 17-cv-1105 (E.D.N.Y. Sept. 16, 2021), ECF No. 127.  On September 20, 2021, the parties

filed a Letter Motion to Vacate the Clerk's Judgement ("Motion to Vacate"), ECF No. 128, so

that they might negotiate a Second Amendment to the Stipulation and Agreement of Settlement

---

[1] Graña is now known as Aenza S.A.A. ("Aenza").  For the purposes of this Report and
Recommendation, the Court views this change as being in name only and will use Aenza for the
sake of accuracy.

("Second Settlement Amendment"), ECF No. 129-1, and file the same with the Court. *See* Mot. to Vacate, ECF No. 128.  The parties filed the Second Settlement Amendment on October 4, 2016. *See* 2d Am., ECF No. 129-1.  Soon thereafter, the Honorable LaShann DeArcy Hall referred the Motion to Vacate to me for a Report and Recommendation. *See* Order, No. 17-cv-1105 (E.D.N.Y. October 6, 2021).  On October 14, 2021, this Court held a hearing on the Motion to Vacate, for which all parties were present.

For the reasons stated below, the undersigned respectfully recommends that the Motion to Vacate and related relief be GRANTED.

## BACKGROUND

The Court presumes familiarity with the factual background and procedural posture of this case.  For the purposes of this Report and Recommendation, the Court focuses on the Motion to Vacate and the Second Settlement Amendment.

The Second Settlement Amendment revises the payment schedule by several months, adjusting the final payment date from September 30, 2021 to June 30, 2022 to account for Aenza's financial difficulties. *See* 2d Am., ECF No. 129-1.  The total amount of the settlement remains the same and Aenza is obligated to pay interest of 9% on the unpaid balance starting from September 30, 2021 through the date of payment. *See* Mot. to Vacate J., ECF No. 128; *see* 2d Am., ECF No 129-1.  In all other material respects, the settlement remains unchanged from the Settlement Agreement approved on September 14, 2021. *Id.*  Notably, significant non-refundable payments to the settlement fund have already been made. *Id.*  The Settlement Agreement provides that the parties agree to "jointly request that Judgment not be entered until the entirety of the Settlement Amount is deposited in the Escrow Account." *See* Settlement Agreement, ECF No. 112-2 at 1.12.  Accordingly, since the proposed final payment will now be made no later than June 30, 2022 instead of September 30, 2021, the parties request that the

current Judgment be vacated, and a new Judgment be issued once the payment has been made

under the agreement. *See* Mot. to Vacate J., ECF No. 128.

For all the same reasons set forth in this Court's August 13, 2021 Report &

Recommendation for Final Approval of the Class Settlement, this Court respectfully

recommends that the District Court grant the Motion to Vacate, ECF No. 128, approve the

parties' Second Settlement Amendment, ECF No. 129-1, and hold this action in abeyance until

June 30, 2022.

## LEGAL STANDARD

"Federal Rule of Civil Procedure 60(b) governs motions for relief from a final judgment

or order and provides six independent grounds for relief." *Bell v. Deutsche Bank, Indymac 2006-*

*AR27*, No. 18-CV-01593-JMA-AYS, 2021 WL 4480549, at *2 (E.D.N.Y. Sept. 30, 2021) (citing

Burda Media, Inc. v. Viertel, 417 F.3d 292, 298 (2d Cir. 2005)).  Specifically, a "court may

relieve a party or its legal representative from a final judgment, order, or proceeding" due to:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
> evidence that, with reasonable diligence, could not have been discovered in time to
> move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic
> or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the
> judgment [being] void; (5) the judgment has been satisfied, released, or discharged;
> it is based on an earlier judgment that has been reversed or vacated; or applying it
> prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"Motions under [Rule 60(b)] are committed to the sound discretion of the district

court...." *Gonzales v. Nat'l Westminster Bank, Plc*, No. 11 CIV. 1435 LAP, 2013 WL 6978874,

at *4 (S.D.N.Y. Nov. 18, 2013) (citing *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir.2012) (internal

quotation marks and citations omitted)).  Rule 60(b) "allows extraordinary judicial relief" and

should be "invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793

F.2d 58, 61 (2d Cir. 1986) (citing *Ben Sager Chems. Int'l. v. E. Targosz & Co.*, 560 F.2d 805,

- 3 -

809 (7th Cir. 1977)); see also *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001) ("A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances."). Accordingly, "the court must seek to strike[ ]a balance between serving the ends of justice and preserving the finality of judgments." *Gustavia Home, LLC v. Bijoux*, No. 16 CV 4029 (SJ)(RML), 2021 WL 5834286, at *2 (E.D.N.Y. Dec. 9, 2021) (internal quotation marks and citation omitted).

"[A] court may treat a motion to vacate a prior judgment as having been made under 60(b)(6) only if the other, more specific grounds for relief encompassed by the rule are inapplicable." *Bell*, No. 18-CV-01593-JMA-AYS, 2021 WL 4480549, at *3 (quoting *Azkour v. Little Rest Twelve*, No. 10-CV-4132, 2017 WL 1609125, at *4 (S.D.N.Y. April 28, 2017) (internal quotation marks omitted)). Rule 60(b)(6) "is a grand reservoir of equitable power to do justice in a particular case." *Stevens*, 676 F.3d 62, 67 (2d Cir. 2012) (citing *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir.1986) (internal quotation marks omitted)). "But that reservoir is not bottomless … [thus] courts require the party seeking to avail itself of the Rule to demonstrate that extraordinary circumstances warrant relief." *Id.* (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988) (internal quotation marks omitted)).

## DISCUSSION

The parties move to vacate the Clerk's Judgement, ECF No 127, and amend the Settlement agreement. *See* Motion to Vacate, ECF No. 128; *see* Goldberg Letter, ECF No. 129. In support of their application, the parties do not cite any legal grounds justifying relief. *See*, Letter Motion to Vacate the Clerk's Judgment, ECF No. 128; *see* Letter by Marcia Goldberg ("Goldberg Letter"), ECF No. 129. Rather, they jointly request that the judgment be vacated due

- 4 -

to Aenza's ongoing financial difficulties which have affected its ability to comply with the terms of Settlement. *See* Motion to Vacate, ECF No. 128.

A joint request for vacatur based on the financial difficulties of the monied party is not a scenario explicitly contemplated by Rule 60(b)(1) through 60(b)(5). *See* Fed. R. Civ. P. 60(b)(1)-(5). Thus, the Court is left to treat the Motion to Vacate as having been made under 60(b)(6). *See Bell*, No. 18-CV-01593-JMA-AYS, 2021 WL 4480549, at *3. On these grounds, a balancing of the parties' proposed amendment to the Settlement agreement against the public interest in the finality of judgments favors granting the Motion to Vacate, ECF No. 128, and approving the parties' Second Settlement Amendment, ECF No. 129-1.

In the Second Circuit, "[t]here is a strong judicial policy in favor of settlements, particularly in the class action context." *In re MetLife Demutualization Litig.*, 689 F. Supp. 2d 297, 330 (E.D.N.Y. 2010) (quoting *McReynolds v. Richards-Cantave*, 588 F.3d 790, 803 (2d Cir. 2009) (internal quotation marks omitted)). "[C]lass action suits readily lend themselves to compromise because of the difficulties of proof, the uncertainties of the outcome, and the typical length of the litigation." *Id*. Rule 23(e) provides that "claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). Court approval of a class action settlement must be premised on a hearing and subsequent finding that the settlement is "fair, reasonable, and adequate" and not the product of collusion or some other malfeasance. See F.R.C.P. 23(e)(3); *see also Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (citing *Joel A. v. Giuliani*, 218 F.3d 132, 138 (2d Cir. 2000)). "Where, as here, the parties have negotiated a settlement before asking the court to certify a class, their proposal is subject to a higher degree of scrutiny than is usual in assessing a settlement's fairness." *In re Parking Heaters, Antitrust Litig.*, No. 15-MC-0940-DLI-JO, 2019

- 5 -

WL 8137325, at *3 (E.D.N.Y. Aug. 15, 2019) (citing *Cty. of Suffolk v. Long Island Lighting Co.*, 907 F.2d 1295, 1323 (2d Cir. 1990)).

"Courts tasked with approving a settlement consider its procedural and substantive fairness; they ask whether the terms of the settlement and the negotiation process leading up to it are fair." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 408 (S.D.N.Y. 2018), *aff'd sub nom. In re Facebook, Inc.*, 822 F. App'x 40 (2d Cir. 2020) (citing *In re Telik, Inc. Sec. Litig.*, 576 F.Supp.2d 570, 575 (S.D.N.Y. 2008) (internal quotation marks omitted)). When a settlement is the product of "arms-length negotiations between experienced, capable counsel after meaningful discovery," it is afforded a "presumption of fairness, adequacy, and reasonableness." Wal-Mart, 396 F.3d at 116.  Additionally, when considering the benefits achieved by a settlement, courts must keep in mind that "there is a range of reasonableness with respect to a settlement—a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion." *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972).

In this case, the Court analyzed the parties' pre-judgement settlement and found that it met the requisite higher degree of scrutiny and recommended that it should be approved. *See In re Grana Y Montero S.A.A. Sec. Litig.,* No. 17-CV-01105 (LDH)(ST), 2021 WL 4173684 (E.D.N.Y. Aug. 13, 2021).  The vacatur of judgment and proposed Second Amendment to the Stipulation and Agreement of Settlement would not disturb the fairness, reasonableness, and adequateness of the settlement as it currently stands.  In fact, the class will receive the same material benefits from the settlement, and the delay in payment is adequately compensated for by the additional accrual of interest and, perhaps even more importantly, the greater likelihood that Defendant will be able to fully satisfy the settlement given the extended payment period.

Therefore, in light of the foregoing, this Court respectfully recommends that the District Court grant the Motion to Vacate, ECF No. 128, approve the parties' Second Settlement Amendment, ECF No. 129-1, and hold this action in abeyance until June 30, 2022.

## CONCLUSION

For all of the same reasons set forth in this Court's August 13, 2021 Report & Recommendation for Final Approval of the Class Settlement, this Court respectfully recommend that the parties' Motion to Vacate be GRANTED, the application for the Settlement Agreement to be modified by the Second Settlement Amendment be GRANTED, and that this action in abeyance until June 30, 2022.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985). Responses to any objections shall be due fourteen (14) days from service of the objection. *See* Fed. R. Civ. P. 72(b)(2).

**SO ORDERED.**

                                                     /s/

The Hon. Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
       January 14, 2022